The plaintiff in substance averred in his complaint that, on or about April 14, 1979, without the permission of the plaintiff or his wife and in their absence, the defendant's agents entered unlawfully into the plaintiff's household and stripped the house of various articles allegedly belonging to the defendant; that the defendant's agents willfully and wantonly destroyed articles in the house when they were removing furniture and flooring of the house; that, somehow and in some way, four hundred dollars in cash disappeared during such removal; and that the defendant's agents destroyed the plaintiff's goods. The plaintiff also asked for damages for the illegal trespass into his dwelling and for damages because of the willful and wanton acts of the agents. The defendant did not attack the complaint, but filed an answer generally denying each of the plaintiff's allegations. The answer did not contain any affirmative pleas. A jury trial resulted in a verdict, and ensuing judgment of the court, for the plaintiff, whose damages were assessed at $3,000. The defendant's motion for a new trial was overruled by the court.
The defendant appeals and contends that the complaint was insufficient, that the evidence was inadequate, and that the court erred in overruling its motion for a new trial which raised the inadequacy of the evidence, complained that the jury was prejudiced, stated that the court erred in evidentiary rulings, and asserted that the judge's oral charge was patently unlawful, illegal and misleading.
We have minutely studied the three hundred forty-three pages of the transcript, and, if the defendant raised in the circuit court the defense of failure of the complaint to state a claim upon which relief could have been granted, such objection has eluded our search. Nevertheless, we are of the opinion that the complaint avers valid claims against the defendant. Under ARCP Rule 8, we now have notice pleading in simple, concise and direct averments. Precision and niceties are generally no longer necessary since no technical forms of pleading are required. The complaint gave to the defendant adequate notice of the plaintiff's claims even if it failed to be a paragon of clarity. Motions to dismiss or for a more definite statement were not filed on the defendant's behalf.
Only tendencies of the evidence favoring the verdict will be briefly summarized. State Farm Mutual Automobile Insurance Co.v. Boyer, Ala., 357 So.2d 958 (1978). *Page 1165 
Within the line and scope of their employment, two of the defendant's employees were ordered by another of the defendant's employees, who was charged with such responsibilities, to proceed to the plaintiff's home and repossess certain items of furniture and six rugs of vinyl floor covering upon which the defendant had a conditional sales contract with the plaintiff being in default. The two employees entered the plaintiff's home without his permission or knowledge and removed the furniture. No one was at home when they arrived. The agents opened the unlocked front door. The plaintiff's mother, who lived nearby, observed their entry and twice asked them not to do anything in the absence of the plaintiff.
The two employees telephoned the defendant's place of business and, when the mother again remonstrated against the removal of the rugs, they stated that they had to do their job. They had been instructed via telephone to take the rugs, which, at the time, were installed wall-to-wall under the baseboards, with quarter round molding in place. The floor covering was glued and tacked to the floor and became a permanent fixture. The plaintiff had installed the rugs in the three rooms and a hall, expending three and one-half days in this work.
When removing the rugs, the employees destroyed some quarter round, loosened from the wall and split some of the baseboard, tore the rugs into pieces or strips (leaving some of it still glued and/or tacked to the floor), folded the pieces of the rugs to remove them, broke a vase or statue and a picture frame glass, pulled the kitchen sink from the wall, thereby breaking the wooden sink cabinet, broke sheetrock in the den, and loosened the joints in an antique table. The $400 was missing, with the employees being the only persons in the house in the interim.
A short while after the defendant's employees left, the plaintiff and his family returned home, whereupon his mother immediately informed him of who had entered the house in his absence. Before the two employees arrived at the defendant's place of business, the plaintiff called the defendant's president about the repossessions and expressly complained of the missing $400. He also notified law enforcement officials, who made an investigation. The district attorney advised him to employ counsel, hence this suit.
There was evidence as to the value of some items. The day before the repossession, the plaintiff had sold his house for $9,000, the reasonable value thereof, but he and his family still resided therein. In its damaged condition, the house was reasonably worth $7,000. The plaintiff settled the damage with the house purchaser for $2,000. The purchaser testified that she had already expended over $2,700 in repairs and in replacement of the floor covering. The plaintiff had a right of possession sufficient to support an action in trespass. Ramosv. Fell, 272 Ala. 53, 128 So.2d 481 (1961).
In view of all of the evidence and reasonable inferences therefrom, a jury question was presented, and the trial judge properly submitted the case to the jury for their decision. A jury's verdict is presumed to be correct; and the trial judge's refusal to grant a new trial adds verity to the propriety of the verdict and thereby strengthens the presumption in its favor. 2A, Ala.Dig., Appeal Error 930 (1). After allowing all reasonable presumptions in favor of the correctness of the verdict, we cannot say that the verdict was clearly wrong.
The motion for a new trial averred that the verdict against the defendant was returned because of prejudice and influence by people, information and matters outside of the evidence and trial of the case. The sole evidence in support of this ground of its motion consisted of the testimony of the twelve jurors which sought to impeach the verdict. The only argument in brief is a bare reiteration of the ground stated in the motion for a new trial. The plaintiff's attorney objected to all questions propounded to the jurors concerning the reason for the verdict and pertaining to their deliberations. *Page 1166 
 A due regard for the proper and orderly administration of the law, a proper regard for the solemnity of verdicts of jurors, as well as a sound public policy forbid that members of a jury, after they have made their deliverances in court, should be allowed to impeach their verdicts.
Gulf States Steel Co. v. Law, 224 Ala. 667, 141 So. 641 (1932).
We, therefore, cannot consider the testimony of the twelve jurors, which leaves the averments as to this ground in the defendant's new trial motion without any proof or argument supporting it.
The broad ground in defendant's motion for a new trial without any specificity complaining of the actions of the circuit court in sustaining the plaintiff's objections to the defendant's questions and in overruling the defendant's objections as to the plaintiff's questions is too general. No pertinent argument is contained in the brief of appellant. Under these circumstances, we find no error as to any evidentiary ruling by the trial judge.
The last contention of the defendant is that the lower court erred in charging the jury in certain instances and in failing to charge as to certain propositions of law. At the conclusion of the judge's charge to the jury, the trial judge asked if either side had any exceptions to the charge and counsel for the defendant stated, "No, sir, we haven't." The defendant did not request the giving of any charge in writing, or otherwise, and did not object to any portion of the oral charge of the court. Rule 51, ARCP, provides in part:
 No party may assign as error . . . the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.
See also Great Northern Land Cattle, Inc. v. Firestone Tire Rubber Co., Ala.Civ.App., 337 So.2d 1323 (1976). Here, there was no attempt to comply with the requirements of the rule.
The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the judges concur.