EDWARD N. SCRUGGS, Retired Circuit Judge.
In an action to collect rent from the defendant for a house trailer space, the defendant filed counterclaims for the conversion of the trailer and for its possession.
Mrs. Bradley, the plaintiff, who was the owner and operator of a small trailer court, sued Mr. Brewer in the district court for rent due from him for a trailer space. The answer of the defendant denied responsibility therefor, contending that work which he had performed for the plaintiff more than paid the amount claimed. He later filed two counterclaims, one for an assault and battery and one for the conversion of his *545 trailer. Each counterclaim sought $2,500 in damages from the plaintiff, who filed a general denial thereto. The following is recited in the final judgment of the district court: “The conversion claim and the assault claim in Defendants’ Counter-claim were stricken by Defendant. Defendant[s’ attorney] announced she intended to file an Assault, Detinue and Conversion Complaint in the Circuit Court as said claim exceeds the jurisdiction of this Court. No objection was entered.” Therein, judgment was rendered in favor of the plaintiff for $387.50 and court costs.
The defendant appealed to the circuit court and, on the same day, filed in that court a two count “amendment on appeal” against the plaintiff and her former husband. One count sought one million dollars for the conversion of the defendant’s trailer and its contents of the total alleged value of $48,000. The other count sought possession of the trailer and of the personal property contained therein; and, in connection therewith, the defendant filed his motion for a writ of seizure for that property. Upon motion of the plaintiff, the circuit court struck both counts of the counterclaim as well as the defendant’s motion for the seizure of the property. After a jury trial upon the remaining issues, the circuit court entered a final judgment upon the jury’s verdict for the plaintiff for $275. The defendant appeals.
The pivotal question concerns whether the circuit court correctly struck the two counterclaims and the motion for a writ of seizure. The answer to that question emerges from and is revealed by the following provisions from rule 13, Alabama Rules of Civil Procedure:
“(j) Appealed Actions. Where an action is commenced in a court from which an appeal lies to the circuit court for a trial de novo any counterclaim made compulsory by Subdivision (a) of this rule shall be stated as an amendment to the pleading within 30 days after the appeal has been perfected to the circuit court or within such further time as the court may allow; and other counterclaims and cross-claims shall be permitted as in an original action. When a counterclaim or cross-claim is asserted by a defendant in an appealed case, the defendant shall not be limited in amount to the jurisdiction of the lower court but shall be permitted to claim and recover the full amount of its claim irrespective of the jurisdiction of the lower court....
“(dc) District Court Rule. Rule 13 applies in the district court except that, (1) Rule 13(a)(4) is modified so as to excuse the pleader from asserting a compulsory counterclaim when the claim is beyond the jurisdiction of the district courts and (2) Rule 13(j), Appealed Actions, is deleted.”
A party is not required to file a compulsory counterclaim in the district court if the claim exceeds the jurisdiction of that court. A permissive counterclaim need not be filed in the district court regardless of the amount which might be claimed therein, but, if the claim exceeds the jurisdictional limit of the district court, a permissive counterclaim could not be processed by that court.
Here, the total of the two claims in the district court amounted to $5,000, which is the exact jurisdictional monetary limit of the district court. § 12-12-30, Code 1975. However, that total was subject to amendment or revision by the defendant. Apparently the attorney for the defendant determined that the amounts therein specified and sought were inadequate, for, according to the district court judgment, the conversion claim and the assault claim were struck by the defendant as exceeding the jurisdiction of that court. When the counterclaims were struck by the defendant for the reason given, the defendant was excused from asserting either claim in the district court as if they had never been filed in that'-court.
After an appeal to the circuit court from the district court, either a compulsory counterclaim seeking an amount in excess of $5,000, or a permissive counterclaim for any sum, may then be originally filed, asserted and claimed and recovery may be had for the full amount of the defendant’s claim *546 without consideration of the $5,000 monetary jurisdictional limitation which is imposed upon the district court. Rule 13(j), A.R.Civ.P.
Neither collateral estoppel nor res judicata prohibited the defendant from filing the two counterclaims in the circuit court. The plaintiff correctly did not argue either of those doctrines in this court upon this appeal.
The nomenclature or designation which was given by the defendant to his two circuit court counterclaims is neither binding upon him nor is it important. Substance has replaced form in that regard as technical forms of pleading are not now required. Prince Furniture Co. v. Stanfield, 386 So.2d 1163 (Ala.Civ.App.1980); Rule 8, A.R.Civ.P.
The learned circuit court should have overruled the plaintiff’s motion to strike the defendant’s counterclaims and motion for a writ of seizure and we must reverse this case solely upon that account. We are required to remand this case to the circuit court for further proceedings upon the defendant’s counterclaim and motion for a writ of seizure.
We have carefully reviewed other issues which were raised by the defendant and find them to be without merit. Additionally, since no argument is contained in the brief of the defendant as to any issue which he raised as to the matters which were actually tried before the jury, such issues are waived. City of Prichard v. Lasner, 406 So.2d 990 (Ala.Civ.App.1981); Rule 28(a)(5), Alabama Rules of Appellate Procedure. The issues before the jury pertained to the amount which was due to the plaintiff by defendant as trailer space rent after giving due credit to the defendant for moneys paid to, and work performed for, the plaintiff by the defendant. We will not require the parties to further expend their time and moneys in a retrial of those net rent due issues. Those matters were fully and fairly litigated to a jury verdict without error. Accordingly, we affirm that circuit court judgment in favor of the plaintiff and against the defendant for $275 as to the issues expressly tried before the jury.
The effect of this opinion is that the matters which were issues in the jury trial have been litigated to a final judgment for the plaintiff for $275, and those matters have been herein severed from the remaining issues relating to the counterclaims filed in the circuit court by the defendant. Upon remand, this case shall proceed as if originally under rule 42 the circuit court had itself severed the two counterclaims for conversion and detinue from the rest of the case and had then proceeded to trial first upon the rent questions which resulted in the valid $275 final judgment for plaintiff. The posture of the case after remand will be such that further proceedings must then be had in the circuit court to conclude, via appropriate motions, trials or other means,' the issues raised by the defendant’s two counterclaims for detinue and conversion.
After this appeal to this court was filed, the defendant sought the restoration of the trailer to him in the circuit court, which ruled that, because of the present appeal, it was without jurisdiction to then make any order pertaining thereto. The defendant then filed in this court a petition for a writ of mandamus. The relief desired by mandamus is identical to the relief which is sought in his detinue counterclaim which must be hereafter litigated in the circuit court. The trial court correctly denied the relief which was sought by the defendant after the appeal had been taken. A writ of mandamus is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED. WRIT OF MANDAMUS DENIED.
All the Judges concur.