John Richard Waters, Jr., and Phillip Lynch Waters appeal from a summary judgment entered against them and in favor of J. Ralph Jolly and Jeanne Waters Jolly. William Donald Waters, Jr., appeals from a denial of his motion to intervene in the above action. We have consolidated the appeals for purposes of writing one opinion.
These appeals arise out of the third action that was filed in the Jefferson Circuit Court concerning the disposition of assets of a trust created pursuant to the wills of Newman H. and Anna Lois Waters. Newman H. Waters's will was probated in 1973, and Anna Lois Waters's will was probated in 1976. In each of the wills, Newman and Anna established a trust with their grandchildren as beneficiaries. John Richard Waters, Jr., and Phillip Lynch Waters (hereinafter collectively referred to as "the plaintiffs"), and William Donald Waters are 3 of 11 grandchildren of Newman and Anna. In their respective wills, Newman and Anna named their son, Newman H. Waters, Jr., their daughter, Jeanne Waters Jolly, and their son-in-law, J. Ralph Jolly, as trustees of the trust created for the grandchildren's benefit. The plaintiffs and William Donald Waters are not the children of the trustees.
During the administration of the trust, the plaintiffs filed an action in the circuit court ("the first action") against the trustees,[1] alleging various breaches of their fiduciary duties by attempting to enhance the assets that would ultimately be distributed to the beneficiaries who are their children. The parties executed a settlement *Page 1051 
agreement, as a result of which the plaintiffs received money and property in settlement of their claims; the parties also agreed that all parties to the agreement were released from any claims that may have existed as of the date of the agreement related to the wills of Newman and Anna and the trust established thereby. The circuit court approved the settlement agreement on March 4, 1982.
On January 31, 1983, the trustees filed an action in the circuit court seeking a declaratory judgment ("the declaratory judgment action") naming all beneficiaries as defendants and seeking court approval of the proposed disposition of the trust's various remaining assets.[2]
On February 18, 1983, the plaintiffs filed an answer to the declaratory judgment action, and, concurrently, served interrogatories in which they asked the trustees to state the present value of all assets held in the trust and to attach a copy of any appraisal of an asset. The plaintiffs did not receive a response to their interrogatories, and they filed a motion to compel answers to interrogatories. In response, the trustees moved the trial court for a protective order, or, alternatively, for an order limiting the scope of interrogatories to events that occurred after March 4, 1982, the date on which the trial court approved the parties' settlement agreement in the first action. In that motion, the trustees stated that they had previously furnished the plaintiffs with all appraisals made before March 4, 1982. The trial court granted the motion to limit the scope of the interrogatories.
In an amendment to the complaint in the declaratory judgment action, the trustees requested the circuit court to order that an appraiser be appointed to appraise approximately 347 acres of land in Jefferson and Shelby Counties, Alabama (hereinafter referred to as the "Swann Property"), and, thereafter, to enter an order authorizing the trustees to sell the Swann Property. The circuit court appointed Henry Graham to appraise the property, and Graham subsequently appraised the property at $1,200,000. The following is the relevant portion of the court's order:
 "[Trustees] shall make every reasonable effort to sell the Swann [Property] prior to the vesting date of said trusts at the best available price. In the event said real property is not sold on or before November 25, 1983, [Beneficiaries] or their representatives, and any other interested parties, shall appear before the Register of this Court who shall conduct a public auction of said real property . . . on November 28, 1983. The Register shall sell said real property to the highest bidder for cash, but in no event shall said real property be sold for a net sales price less than One Million Two Hundred Thousand and no/100 Dollars ($1,200,000.00). In the event the Swann [Property] is sold on or prior to the vesting date of said trusts, the net proceeds derived from such sale shall be distributed to [Beneficiaries] in accordance with their proportionate interests in the trust estate of Newman H. Waters, Sr. on the vesting date of said Trust.
". . . .
 "That on the compliance by [Trustees] with all of the provisions of this Final Judgment, each of them shall forever be released and discharged as Trustees and individually, from any and all liability and obligations of all kind and character arising out of, in connection with or relating to their acts, activities and services as Trustees of said trust estates."
The Swann Property was not sold before November 25, 1983. The circuit court appointed a standing master to conduct a public sale, which was held on November 28, 1983. The standing master's report stated that at the sale J. Ralph Jolly successfully bid $1,246,000 on the Swann Property as agent for his wife and co-trustee, Jeanne Waters Jolly; his brother-in-law and former co-trustee, Newman H. Waters, *Page 1052 
Jr.; and five of the beneficiaries, four of whom were his children. The plaintiffs bid unsuccessfully on the property. On December 12, 1983, the circuit court confirmed the standing master's report and ordered that a deed to the property be executed in return for payment of the balance due. On that date, a deed was executed, conveying the property to the purchasers. The trustees were then dismissed and released from liability in connection with their activities as trustees of the trust. No appeal was taken.
At some point thereafter, the plaintiffs learned that Frank White, an appraiser, had appraised the Swann Property on April 17, 1981, prior to the institution of the first action filed by the plaintiffs and, therefore, prior to the effective date of the order issued in the second action that limited discovery to after March 4, 1982. During the litigation of this the third action, the trustees produced a copy of a memorandum written by J. Ralph Jolly, which stated as follows:
 "Mr. Frank White, appraiser, and I visited this property several weeks ago so that he might give me some idea as to relative values. Since that time, he has returned and looked at the property again and has also discussed it and that general area with some other appraisers and with some realtors. Mr. White now indicates to me that it is his opinion that should the entire tract be sold it should bring $5,000 to $5,500 per acre [for a minimum of $1,735,000]. If smaller tracts are sold, some would bring up to $10,000 per acre depending upon location, accessibility, the lay of the land and related matters."
 "Mr. White reported that he had checked for sales in the area and, while these are relatively few, some of the property has sold for as much as $10,000 per acre. Two tracts are now on the market for that figure but have not been sold and some of the other property has gone for as low as $3,000 per acre."
(Emphasis added.)
On October 9, 1986, approximately three years after the public sale of the Swann Property, First Equity Mortgage Company offered to purchase the Swann Property for approximately $5,600,000. Trustee J. Ralph Jolly, as agent for the owners, made a counter offer in which he raised the amount of earnest money to $100,000. The record does not indicate that the counter offer was accepted or rejected.
On October 27, 1986, the plaintiffs filed this action against the trustees in circuit court, alleging fraud and breach of fiduciary duty. In their complaint, the plaintiffs demanded a jury trial and requested both compensatory and punitive damages.
The trustees filed a motion for summary judgment, arguing that the plaintiffs' claims were procedurally barred. In opposition to the motion for summary judgment, the plaintiffs submitted a copy of J. Ralph Jolly's memorandum concerning the April 17, 1981, appraisal by Frank White; the October 9, 1986, offer and counter offer to sell the Swann Property; and the affidavit of Van E. Belcher. In his affidavit, Belcher stated that on November 28, 1983, the date of the public sale of the Swann Property, he was present at the sale and that he heard J. Ralph Jolly tell Newman H. Waters III (a beneficiary of the trust) that, if the bidding exceeded $1,500,000, he would have to get authority to continue bidding. Belcher stated that he did not come forward until he learned of the offer and counter offer made in October 1986. The plaintiffs also submitted a memorandum in which they argued that the trustees' legal arguments were without merit.
At the hearing on the motion for summary judgment on May 18, 1989, William Donald Waters, Jr., a beneficiary of the trust, filed a motion to intervene in the action pursuant to Rule 24, A.R.Civ.P. In his motion, he stated that he was a minor at the time of the sale of the Swann Property and that he became aware of the action filed by the plaintiffs on or about May 3, 1989. He adopted the allegations and demands for relief stated in the plaintiffs' complaint. The trustees filed a memorandum in opposition to the motion to intervene, in which they restated the arguments *Page 1053 
made in their motion for summary judgment, and argued that the proposed intervenor had no Rule 24(a) right to intervene and that permissive intervention under Rule 24(b) would cause undue delay and expense.
The circuit court denied the motion to intervene and granted the trustees' motion for summary judgment as to both the claim of fraud and the claim of breach of fiduciary duty. The plaintiffs filed a motion to alter, amend, or vacate the judgment, or, alternatively, to transfer the action to the "equity division" of the Jefferson Circuit Court.[3] William Donald Waters, Jr., also filed a motion to transfer the action to the "equity division" of the circuit court on the grounds that the imposition of a constructive trust on the Swann Property would be the appropriate remedy in this case. Motions to reconsider were filed by the plaintiffs and the proposed intervenor. These motions were denied. In its order, the circuit court did not state the legal or factual basis on which it granted the trustees' motion for summary judgment or denied the plaintiffs' and the proposed intervenor's post-judgment motions.
On appeal, the Plaintiffs argue that the trial court erred in entering the summary judgment. The trustees argue that the plaintiffs' claims were barred by the doctrine of res judicata; that the plaintiffs failed to properly attack the prior judgment pursuant to Rule 60(b), A.R.Civ.P.; and that the trial court did not abuse its discretion in denying the motion to intervene. We will first address the arguments raised by the trustees.
 I.
The trustees argue that the plaintiffs' claims are barred by the doctrine of res judicata. In order for the doctrine of res judicata to apply (1) the question or fact must have been litigated and determined by a court of competent jurisdiction; (2) a final judgment must have been rendered on the merits; (3) the parties, or those in privity with them, must be so related to the parties in the subsequent action as to entitle those in the subsequent action to the benefits and/or burdens of the prior litigation; and (4) the same cause of action must be involved in both suits. Hughes v. Martin, 533 So.2d 188 (Ala. 1988); Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975).
If these elements are present, then any issue that was, or could have been, adjudicated in the prior action cannot be litigated in a subsequent action. Hughes v. Martin, supra;Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala. 1977);McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976).
Having carefully reviewed the record, we conclude that the last requirement of the doctrine of res judicata has not been met and, therefore, that the doctrine of res judicata does not apply in this case.
The fourth requirement is that the same cause of action must be involved in both suits. Hughes v. Martin, supra; GeerBrothers, Inc. v. Crump, 349 So.2d 577 (Ala. 1977). This Court has held that the same cause of action exists when the same evidence is applicable in both actions. Hughes v. Martin, supra; Gulf American Fire Casualty Co. v. Johnson, 282 Ala. 78, 209 So.2d 212 (1968).
In Hughes v. Martin, supra, at 191, we quoted 2 Black onJudgments for the following:
 "The doctrine of res judicata does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated *Page 1054 
and tried, — that the parties have had an adequate opportunity to say and prove all that they can in relation to it, that the minds of court and jury have been brought to bear upon it, and so it has been solemnly and finally adjudicated."
Section 614, p. 936 (1902).
In their second amendment to the declaratory judgment action, the trustees stated that the Swann Property was a substantial asset of the Waters estate; they sought and received circuit court approval for the appointment of an appraiser, an appraisal of the Swann Property, and a subsequent sale of the Swann Property. In their answer to the second amendment, the plaintiffs admitted that the Swann Property was a substantial asset ripe for sale and that an appraiser should be appointed and the property appraised and sold. The trial court agreed, and it appointed an appraiser who appraised the property, and the court then ordered that the property be sold "at the best available price." The property was then sold at public auction and the sale was ratified and approved by the circuit court. Thus, the evidence applicable in the declaratory judgment action concerned the fact that all parties to the action, and the trial court, agreed that the property should be sold based on the appraisal value given by the court-appointed appraiser and the fact that the sale was conducted according to the order of the trial court.
In this action, the plaintiffs allege that the trustees had obtained an appraisal in 1981, before the trustees had asked the court to approve an appraisal and sale of the property. J. Ralph Jolly's memorandum concerning the alleged previous appraisal indicated that the trustees knew, and that they did not inform the plaintiffs or the circuit court, that, at the time the property was sold, it was possibly worth more than the sale price. Thus, the evidence applicable in this action pertains to the J. Ralph Jolly memorandum concerning the Frank White appraisal, the extent to which the trustees knew of the alleged higher value of the Swann Property, their failure to disclose that information, and their failure to sell the property at "the best available price."
We hold that the evidence applicable in the declaratory judgment action and the evidence applicable in this action are not the same. Therefore, this action is not barred by the doctrine of res judicata.
 II.
The trustees argue that the plaintiffs have not properly attacked the declaratory judgment action pursuant to Rule 60(b), A.R.Civ.P. Noting that the trial court in the declaratory judgment action dismissed them from their duties as trustees and released them from liability unless and until that judgment was set aside, the trustees argue that the plaintiffs could attack the judgment only by an independent fraud action recognized by Rule 60(b), A.R.Civ.P.; that such an independent action seeks an equitable remedy and that an action for damages based on fraud is not such an action. The trustees further argue that the plaintiffs have never joined the purchasers of the Swann Property in their action and that for any action to be brought under Rule 60(b), the purchasers must be named as parties to the action.
The plaintiffs argue that the complaint alleges fraud arising out of the purchase of the property by the trustees for a price that they knew to be less than the value of the land and a breach of fiduciary duty by the trustees in failing to sell the property "at the best available price." The plaintiffs argue in their brief that, because the Swann Property has been conveyed in part to parties other than the trustees, setting aside the conveyance is not a practical remedy and that their only realistic relief is money damages. Alternatively, the plaintiffs argue in their reply brief that Rule 60(b) allows an independent action to set aside a judgment where the judgment is procured by a fraud upon the court, and that this action constitutes an independent action to set aside the judgment in the declaratory judgment action for fraud upon the court.
Rule 60(b)(6) authorizes the filing of an independent action to relieve a party *Page 1055 
from a judgment for "fraud upon the court" if the independent action is brought within three years after the entry of the judgment or within two years after the discovery of the fraud, as is now permitted by § 6-2-3, Alabama Code of 1975 (1986 Cum.Supp.). This Court has defined "fraud upon the court" as that species of fraud that defiles or attempts to defile the court itself or that is a fraud perpetrated by an officer of the court, and it does not include fraud among the parties, without more. Spindlow v. Spindlow, 512 So.2d 918
(Ala.Civ.App. 1987); Brown v. Kingsberry Mortgage Co., 349 So.2d 564
(Ala. 1977). In evaluating an attack upon a judgment based on a claim of a fraud upon the court, the trial court has wide discretion and, in exercising that discretion, it must balance the desire to remedy injustice against the need of finality of judgments. Hill v. Hill, 523 So.2d 425 (Ala.Civ.App. 1987);Denton v. Sanford, 383 So.2d 847 (Ala.Civ.App. 1980).
The issue before this Court is whether the trial court erred in entering summary judgment for the trustees. However, in essence, we are asked to determine not whether there is a scintilla of evidence supporting the plaintiffs' claims,[4] but to determine whether the plaintiffs state a claim upon which relief can be granted. See Rule 12(b)(6), A.R.Civ.P. In ruling on the trustees' motion for summary judgment, the trial court did not have to consider matters outside the pleadings; the trustees' motion for summary judgment would have been more properly styled as a Rule 12(b)(6) motion to dismiss the plaintiffs' claims. Thus, we should properly determine whether, having viewed the allegations of the complaint most strongly in their favor, the plaintiffs could prove any set of circumstances that would entitle them to relief. See Raley v.Citibanc of Alabama/Andalusia, 474 So.2d 640 (Ala. 1985).
Rule 8(f), A.R.Civ.P., provides that "[a]ll pleadings shall be so construed as to do substantial justice." In order to do substantial justice, pleadings are to be construed liberally in favor of the pleader. Calvin Reid Construction Co. v. Coleman,397 So.2d 145 (Ala.Civ.App. 1981); Bowling v. Pow, 293 Ala. 178, 301 So.2d 55 (1974); Rule 8, A.R.Civ.P, Committee Comments.
In their complaint, the plaintiffs allege that the trustees breached their fiduciary duties and that they committed fraud. The complaint alleges, in pertinent part, that the Swann Property was sold at public auction; that the circuit court ratified the sale; that the trustees knew at that time that the value of the property exceeded the court-appointed appraiser's appraisal; and that the sale of the property for less than its full value breached the court's order to sell the property at the "best available price." The plaintiffs demand judgment, claiming both compensatory and punitive damages.
In their brief in opposition to the trustees' motion for summary judgment, the plaintiffs argue that they have instituted an independent action pursuant to Rule 60(b), A.R.Civ.P. However, they also argue, somewhat inconsistently, that, since title to the Swann Property is not vested solely in the trustees, setting aside the sale of the property is not practical.
In their motion to alter, amend, or vacate the judgment, the plaintiffs ask the Jefferson Circuit Court, alternatively, to transfer the action to the "equity division" of that court. As grounds for the motion to transfer, the plaintiffs state that the trustees breached their fiduciary duty to the beneficiaries and that the breach was sufficient to justify imposing a constructive trust on the property for the benefit of the plaintiffs. The plaintiffs also ask the circuit court, once it is "sitting in equity," to take "such further action as may be appropriate to effectuate the relief prayed for herein."
In their reply brief, the plaintiffs point out that they claim that the trustees breached their fiduciary duty and that they committed fraud. The plaintiffs then argue as follows: *Page 1056 
 "[Plaintiffs] show that the relief prayed for in the pending litigation constitutes an independent action for fraud arising out of the sale of the property in the prior litigation. Rule 60(b) . . . provides that a court may 'entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment . . . to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.' "
 ". . . Under [Rule] 60(b), [A.R.Civ.P.,] where there exists fraud in the procurement of a judgment, an independent action may be entertained to set aside such judgment procured by fraud."
We hold that the plaintiffs' complaint, while certainly not a model pleading, sufficiently states their intention to independently attack the earlier judgment of the trial court for fraud upon the court. We note that although the trial court has wide discretion in passing upon an attack on a final judgment, it must balance the desire to remedy injustice against the need for finality of judgments. Hill v. Hill, supra; Denton v. Sanford, supra. The discretion of the trial court in evaluating an attack upon a final judgment does not supersede the requirement of Rule 8(f) that all pleadings be construed so as to do substantial justice. To do substantial justice, courts should liberally construe pleadings in favor of the pleader. Calvin Reid Construction Co. v. Coleman, supra.
In their complaint, the plaintiffs state that the circuit court ratified the public sale of the Swann Property. The plaintiffs allege that the trustees knew when they purchased the property that they were violating the circuit court's order to sell the property for "the best available price." The plaintiffs demand judgment, claiming compensatory and punitive damages.
The plaintiffs' complaint does not specifically demand that the former judgment releasing the trustees from liability be set aside under Rule 60(b); however, nothing in Rule 8(f) requires that a pleading specifically refer to an applicable rule of civil procedure. All that is required is that the complaint adequately notify the trustees of the plaintiffs' claims.
In Prince Furniture Co. v. Stanfield, 386 So.2d 1163
(Ala.Civ.App. 1980), the plaintiff alleged that the defendants entered his home without permission and stripped it of various articles. The defendants claimed that the complaint was insufficient. The Court of Civil Appeals stated:
 "Under . . . Rule 8, we now have notice pleading in simple, concise and direct averments. Precision and niceties are generally no longer necessary since no technical forms of pleading are required. The complaint gave to the defendant adequate notice of the plaintiff's claims even if it failed to be a paragon of clarity."
386 So.2d at 1164.
The plaintiffs' complaint gives the trustees notice that they claim that the trustees breached their fiduciary duty and that they committed fraud in purchasing the Swann Property at the public sale for less than the best available price. We hold that the plaintiffs' failure to specifically demand that the former judgment be set aside does not render their claims insufficient. Further, the fact that the complaint demands compensatory and punitive damages does not render it insufficient. To hold otherwise would not do substantial justice in this case.
Based on the foregoing, we hold that the trial court erred in granting the trustees' motion for summary judgment.
 III.
William Donald Waters, Jr., argues that the trial court erred in denying his Rule 24, A.R.Civ.P., motion to intervene in this action. The trustees argue that Waters is not entitled to intervene under Rule 24(a)(1) because no statute confers upon him such a right, and they point out that he is not entitled to intervene under Rule 24(b) because his motion was not timely filed. The trustees make no argument as to whether Waters may intervene of right pursuant to Rule 24(a)(2).
We agree that Waters may not intervene pursuant to Rule 24(a)(1); however, we *Page 1057 
must determine whether he is entitled to intervene of right pursuant to Rule 24(a)(2), which states:
 "Upon timely application, anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
First, we must determine whether, under Rule 24(a)(2), Waters claims a sufficient interest relating to the property or transaction that is the subject of the plaintiffs' action. As to the proper approach to this inquiry, we note the following:
 "There is no 'clear-cut test' to determine if such an interest exists. Rather, courts should use a flexible approach, which focuses on the circumstances of each application for intervention. United States v. Perry County Board of Education, 567 F.2d 277 (5th Cir. 1978)."
State ex rel. Wilson v. Wilson, 475 So.2d 194, 196
(Ala.Civ.App. 1985), cited in, Randolph County v. Thompson,502 So.2d 357 (Ala. 1987). See, generally, Wright, Miller Kane, FederalPractice Procedure, § 1908 (2d ed. 1986). Waters is one of the trust beneficiaries who did not participate in the purchase of the Swann Property. Thus, his interest in this property is the same as that of the plaintiffs and is sufficient for the purpose of this inquiry.
Now we must determine whether Waters is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest. This requirement of Rule 24(a)(2) must be measured by a "practical" rather than a "technical" yardstick. See Randolph County, supra; Wilson, supra.
 "This provision contemplates that the person having the right of intervention should have a legal interest in the property in the custody of the court, and it has been stated that the law is well settled that to authorize an intervention under this provision the intervenor must have an interest in the subject matter of the litigation of such a nature that he will gain or lose by the direct legal operation of the judgment. An application to intervene under this provision will be denied if applicant has no interest in the subject matter of the litigation, or if applicant does not establish that he will be adversely affected by the disposition of the property. It is not essential that there be property in the physical possession of the court, and it is only necessary that there be property which is subject to the control of the court."
35A C.J.S. Federal Civil Procedure § 135 (1960) (emphasis added).[5] Waters's interest in the trust assets is equal to the interests of the plaintiffs. Thus, he meets this requirement.
Next, we ask whether Waters's interest is adequately represented by the existing parties. We note that the burden of persuasion as to this issue is on those who oppose the motion to intervene. Randolph County, supra. See Wright, Miller 
Kane, supra, at § 1909. The trustees do not address this issue; thus, we conclude that Waters's interest was not adequately represented by the plaintiffs.
Last, we must determine whether Waters's motion to intervene was timely.
 "Because the pressure to allow intervention 'of right' under Rule 24(a) is by its very nature more compelling than is permissive intervention, most courts tend to require less rigidity in evaluation of timeliness under Rule 24(a)."
Randolph County v. Thompson, supra, at 364, citing Diaz v.Southern Drilling Corp., 427 F.2d 1118 (5th Cir.), cert. denied, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970), rehearing denied, 400 U.S. 1025, 91 S.Ct. 580, 27 L.Ed.2d 638
(1971). See generally Wright, Miller Kane, § 1916. For a detailed discussion of the law in Alabama concerning the timeliness of motions to intervene, *Page 1058 
see Randolph County v. Thompson, supra. Because Waters's motion to intervene was filed before the plaintiffs filed their motion for summary judgment and because Waters adopted the pleadings of the plaintiffs, we find that the motion to intervene was timely filed.
Therefore, we hold that the trial court erred in denying Waters's motion to intervene in this action.
 IV.
We reverse the summary judgment and the order denying intervention and remand this cause for proceedings consistent with this opinion.
89-628, REVERSED AND REMANDED.
89-625, REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
[1] In 1978, Newman H. Waters, Jr., was dismissed from his duties as a trustee, and he is not a party to this action.
[2] The record of the declaratory judgment action is included in the trustees' motion for summary judgment in this action.
[3] A transfer to "equity" is clearly an outdated procedure. The adoption of our Rules of Civil Procedure in 1973 effected a merger of law and equity. See Rule 2. It is clear that under our rules the circuit court has the power to grant whatever relief is appropriate, whether historically known as "legal relief" or as "equitable relief," in the same action. See Exparte Reynolds, 436 So.2d 873 (Ala. 1983): "[Rule 2 was adopted] in 1973, giving any circuit court the power to hear both equitable and legal issues. That merger was accomplished so that litigants could present related legal and equitable claims in an orderly manner. It operates . . . to avoid the presentation of claims in separate actions."
[4] The plaintiffs filed the complaint before June 11, 1987. See §12-21-12, Ala. Code 1975.
[5] The Committee Comments to Rule 24, A.R.Civ.P., note that our Rule 24 is virtually identical to Rule 24, Fed.R.Civ.P. See also Lesnick v. Lesnick, 577 So.2d 856 (Ala. 1991). Thus, interpretations of Federal Rule 24 are helpful to this Court in interpreting Alabama's Rule 24.