The plaintiffs, Tommy and Regina Croft, appeal from a summary judgment entered in favor of the defendant, Stan Pate.
The Crofts purchased a piece of property on Lake Tuscaloosa in 1985 for $21,500. In January 1987, they contracted with Skipper Davis Construction Company to build a house on the lot. To finance the construction of the house, Skipper Davis applied to First Alabama Bank for a construction loan. Davis did not have sufficient collateral to obtain the loan. So that Davis might obtain the loan, the Crofts deeded the property to Davis. Davis pledged the property, together with a certificate of deposit owned by his uncle, to First Alabama Bank as security for the loan. The bank then lent Davis the money for construction.
During the course of the construction of the house, problems arose concerning the *Page 800 
quality of the workmanship. The Crofts hired Joseph Pierce as their attorney. Davis employed Sanford Gunter as his attorney; later Gunter's partner, Mark Stephens, represented Davis. The parties attempted to settle the matter; however, the negotiations collapsed and, on November 2, 1987, Davis filed an action against the Crofts. The Crofts filed a counterclaim in that action. The record in the present case does not indicate on what basis that first action was filed, nor does it indicate the result in that action.
Davis failed to make the interest payments on the construction loan, and First Alabama foreclosed on the mortgage on the property. On December 30, 1987, the bank sold the property at a public foreclosure sale to the defendant, Stan Pate. Thereafter, Pierce unsuccessfully attempted to purchase the property for the Crofts from Pate. Pate later employed Davis to complete the construction of the house.
On February 12, 1988, the Crofts filed an action against Pate. The Crofts claimed to have an equitable ownership in the property and claimed that that equitable ownership gave them the right to redeem the property. The Crofts asked the court to allow them to redeem the property for a sum specified by the court. In his motion for summary judgment, Pate argued that the Crofts were not members of the group of persons statutorily granted the right to redeem the property. The court granted Pate's motion for summary judgment, denying the relief sought by the Crofts. No appeal was taken from that judgment.
On May 30, 1989, the Crofts filed against Pate the action that is the basis of this appeal; it alleged intentional interference with business relations. The Crofts alleged that, prior to November 2, 1987, the date on which Davis filed the action against them, the Crofts and Davis had entered into "a binding settlement agreement whereby [Davis] would pay to the [Crofts] the sum of $23,500." They further alleged that Pate intentionally dissuaded Davis from honoring the settlement agreement, and that Pate and Davis conspired to deprive the Crofts of their property as well as the benefits of the property settlement. Because of this alleged interference, the Crofts argue, they never recovered the $23,500 in settlement money.
Pate filed a motion for summary judgment against the Crofts. The trial court, having concluded "that the doctrine of res judicata bars [the Crofts'] recovery in this case," granted the motion.
On appeal, the Crofts argue that the doctrine of res judicata does not bar the action for intentional interference with business relations. Specifically, they argue that, in this case, the fourth element of res judicata is missing. Pate argues to the contrary.
The following elements are necessary for the doctrine of res judicata to apply so as to bar a subsequent suit: (1) the question or fact must have been litigated and determined by a court of competent jurisdiction; (2) the final judgment in the first action must have been rendered on the merits; (3) the parties in the first action, or those in privity with them, must be of such a relationship to the parties in the subsequent action as to entitle them to the benefits and/or burdens of the prior litigation; and (4) the same cause of action must be involved in both suits. Waters v. Jolly, 582 So.2d 1048 (Ala. 1991); Hughes v. Martin, 533 So.2d 188 (Ala. 1988); Stevensonv. International Paper Co., 516 F.2d 103 (5th Cir. 1975).
If these elements are present, then any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. Waters v. Jolly, supra; Hughes v. Martin, supra; Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala. 1977); McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976).
Having carefully reviewed the record, we conclude that the fourth element of the doctrine of res judicata is not present and that, therefore, the doctrine does not apply in this case.
The fourth element of the doctrine of res judicata is that the same cause of action must be involved in both suits.Waters v. Jolly, supra; Hughes v. Martin, supra; *Page 801 Geer Brothers, Inc. v. Crump, 349 So.2d 577 (Ala. 1977). This Court has held that the same cause of action exists when the same evidence is applicable in both actions. Waters v. Jolly, supra; Hughes v. Martin, supra; Gulf American Fire CasualtyCo. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968).
In Hughes v. Martin, supra, at 191, we quoted 2 Black onJudgments:
 " 'The doctrine of res judicata does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried, — that the parties have had an adequate opportunity to say and prove all that they can in relation to it, that the minds of court and jury have been brought to bear upon it, and so it has been solemnly and finally adjudicated.' "
In the first action, the evidence concerned the right of the Crofts to redeem the property once Pate had purchased it at the foreclosure sale. In determining the right of the Crofts to redeem the property, the court would have considered the deed by which the Crofts conveyed the property to Davis, in light of Ala. Code 1975, § 6-5-230. Section 6-5-230 contains a list of those entitled to redeem property sold under a power of sale in a mortgage. A copy of that deed was included as an exhibit in the first action, and Pate based his motion for summary judgment on that exhibit. The court granted Pate's motion for summary judgment.
The Crofts argue, and the depositions of Pate, Davis, and Pierce corroborate, that in this action the evidence concerns the existence vel non of a contractual relationship between the Crofts and Davis and whether Pate intentionally interfered with that relationship. That proposition has not been fully and fairly tried. The parties to this action have not had an opportunity to say and prove all that they can in relation to it, and the mind of the court has not been brought to bear on this claim raised by the Crofts.
Based on the foregoing, we hold that the evidence applicable to the first action and the evidence applicable to this action are not the same. Therefore, this action is not barred by the doctrine of res judicata. The summary judgment rendered for the defendant is due to be, and it is hereby, reversed, and this cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
MADDOX, HOUSTON and INGRAM, JJ., dissent.