[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2007
THOMAS K. KAHN
CLERK

No. 06-11155

D. C. Docket Nos. 03-01101-CV-D-N
03-01102-CV-D-N

2:03-CV-01101

MILDRED LEMUEL,
Individually and as Administratrix of
the Estate of Darnell Eugene Lemuel, deceased,

Plaintiff-Defendant-Appellee,

versus

LIFESTAR RESPONSE OF ALABAMA, INC.,
d.b.a. Care Ambulance Service,

Defendant-Counter-Claimant-
Third Party-Plaintiff-Appellant.

_____

2:03-CV-01102

ADMIRAL INSURANCE COMPANY,

Plaintiff-Appellee,

versus

MILDRED LEMUEL,
Individually and as Administratrix of
the Estate of Darnell Eugene Lemuel, deceased,

Defendant-Appellee,

LIFESTAR RESPONSE OF ALABAMA, INC.
d.b.a. Care Ambulance Service,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

**(January 9, 2007)**

Before DUBINA and WILSON, Circuit Judges, and CORRIGAN,* District Judge.

PER CURIAM:

In this appeal, the Admiral Insurance Company ("Admiral") seeks to avoid coverage on a default judgment entered against its insured, Lifestar Response of Alabama, Inc. ("Lifestar"), on the ground that Lifestar failed to comply with the policy's notice provision. We must consider whether to give preclusive effect to a prior state court's determination as to when Lifestar received actual notice of the

_____

*Honorable Timothy J. Corrigan, United States District Judge for the Middle District of Florida, sitting by designation.

2

underlying claim.  Furthermore, we must also consider whether Lifestar's delay in notifying Admiral of the claim was unreasonable as a matter of law so as to preclude coverage under the policy.  After a thorough review of the record and with the benefit of the parties' briefs and oral arguments, we conclude that *res judicata* applies and that Lifestar's delay in notifying Admiral was unreasonable as a matter of law.  For these reasons, we affirm the district court's grant of summary judgment.

## I.  BACKGROUND

In November of 1998, Lifestar purchased all the assets of Care Ambulance Service of Alabama, Inc. ("Care").  However, after the acquisition, Lifestar continued to operate ambulances and advertise in Care's name.  In November of 2000, Darnell Eugene Lemuel died after being transported to the hospital in a Lifestar ambulance operating under the trade name Care.  Mr. Lemuel's widow, Mildred Lemuel, filed a wrongful death action in an Alabama state circuit court naming Care, instead of Lifestar, as the defendant.  On January 7, 2003, Mrs. Lemuel served personal process on Lifestar's human resource manager at the Montgomery, Alabama, office building shared by Care and Lifestar.  Lifestar failed to respond to the complaint, and Mrs. Lemuel filed an application for default judgment.  The state circuit court scheduled a hearing, and notice was sent

3

to Lifestar's place of business. Lifestar did not appear, and the state circuit court entered a default judgment against Care awarding Mrs. Lemuel $5,000,000 in punitive damages. It is undisputed that Lifestar did not notify Admiral of the suit until June of 2003, after the state circuit court entered the default judgment against Care.

On June 9, 2003, Mrs. Lemuel filed a motion in the state circuit court to reflect that the judgment should also operate against "Lifestar Response Corp. of Alabama, d/b/a Care Ambulance." Shortly thereafter, attorneys filed notices of appearance on behalf of both Care and Lifestar. On June 23, 2003, Mrs. Lemuel moved to amend the judgment to substitute Lifestar for Care. On July 18, 2003, Care and Lifestar moved to set aside the default judgment and objected to Mrs. Lemuel's motion to amend the judgment. The state circuit court convened a hearing on the motions at which both Care and Lifestar were represented by counsel. Lifestar argued that due to the mistaken identification of Care as the defendant, it was not put on notice of the complaint. The state circuit court rejected this argument and held that Lifestar received actual notice that a claim had been filed for the negligence of its employees upon the personal service of Lifestar's representative at its place of business. According to the court, Lifestar's failure to appear and defend was the result of its own culpable conduct in

4

knowingly and intentionally disregarding the notice of both the summons and complaint and the notification of the default judgment hearing. In a published opinion, the Supreme Court of Alabama affirmed the judgment of the state circuit court. *See Lifestar Response of Ala., Inc. v. Lemuel*, 908 So. 2d 207 (Ala. 2004).

Mrs. Lemuel instituted garnishment proceedings against Admiral to collect on the judgment. Admiral removed the action to federal court and filed an additional action seeking a declaration that it was not liable to Lifestar under the terms of its policy. Admiral claimed that Lifestar failed to comply with the notice provision under the policy. The provision required, as a condition precedent to coverage, that Lifestar give Admiral notice of any claim or lawsuit made against it "as soon as practicable" and "immediately" forward any summons or lawsuit papers it received.

The district court held that under the doctrine of *res judicata*, the issue of when Lifestar received actual notice of Mrs. Lemuel's claim had already been decided by the state circuit court and affirmed on appeal by the Alabama Supreme Court. The district court then held that since Lifestar had actual notice of the claim on January 7, 2003, its failure to notify Admiral of the claim until after the court had entered a default judgment was unreasonable as a matter of law. Consequently, the district court granted summary judgment for Admiral and

declared that Admiral was not obligated to indemnify Lifestar or pay any portion of the $5,000,000 default judgment in the Lemuel lawsuit.[1] Lifestar now challenges the district court's application of *res judicata* as well as its conclusion that Lifestar's late notice to Admiral precluded coverage under the policy.[2]

## II. STANDARDS OF REVIEW

This court reviews a grant of summary judgment *de novo*, drawing all reasonable inferences in favor of the nonmoving party. *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1269 (11th Cir. 2006). Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "We also review *de novo* a district court's determination of *res judicata*." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1285 (11th Cir. 2004).

---

[1] The parties argued in the district court whether Alabama or New York law governs the dispute, but do not challenge the district court's determination that no conflict exists between the two bodies of law. When there is no conflict in the governing bodies of law, the court need not determine which state's law governs. *See Scott v. Prudential Sec. Inc*, 141 F.3d 1007, 1012 (11th Cir. 1998).

[2] We conclude that Lifestar's estoppel argument is without merit. Lifestar argues that Admiral acknowledged, appeared, and defended against Mrs. Lemuel's claim, and as a result, should be estopped from denying coverage. However, an insurer's defense of an insured does not preclude the insurer from later disclaiming coverage if the insurer adequately reserves its right to do so. *See Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 95 (2d Cir. 2002) (applying New York law); *Home Indem. Co. v. Reed Equip. Co., Inc.*, 381 So. 2d 45, 52 (Ala. 1980). It is undisputed that Admiral reserved its rights on three separate occasions. Therefore, Lifestar's estoppel argument fails.

### III. DISCUSSION

The preclusive effect of the state court's decision in this diversity case is governed by Alabama law. *See Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993) (holding that federal courts apply the law of the state in which they sit with respect to the doctrine of *res judicata*). "Under Alabama law, the essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Id.* (italics added). "If these elements are present, then any issue that was, or could have been, adjudicated in the prior action cannot be litigated in a subsequent action." *Waters v. Jolly*, 582 So. 2d 1048, 1053 (Ala. 1991).

Lifestar argues that *res judicata* does not apply because the state court did not render a prior judgment on the merits, and a different cause of action is presented in the declaratory judgment suit. However, we conclude that because the precise issue in the present litigation was decided in a manner subject to appeal, and in fact affirmed on appeal, there was a prior judgment on the merits. *See Walker v. Blackwell*, 800 So. 2d 582, 587 (Ala. 2001) (holding that a motion to vacate default judgment was barred by *res judicata* where the movant's prior motion to vacate judgment was denied on merits after consideration of arguments

of both parties).  Furthermore, although Alabama law is unsettled on whether *res judicata* encompasses both claim and issue preclusion, we conclude from the record that the same cause of action, as defined by the Alabama Supreme Court, was presented in both suits.

In assessing whether the same cause of action is presented,  "the determinative inquiry is whether the claims in both actions arise out of, and are subject to proof by, the same evidence." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 637 (Ala. 1998); s*ee also Waters*, 582 So. 2d at 1053 (noting that the same cause of action exists when the same evidence is applicable in both actions). Here, the same evidence was relevant in both suits: evidence proving (1) when Lifestar received notice and (2) Lifestar's justification for failing to act upon receiving notice.  Therefore, the district court properly held that both suits presented the same cause of action.  The four elements of *res judicata* were therefore fulfilled, and the state circuit court's decision as to when Lifestar received actual notice of Mrs. Lemuel's claim was properly precluded from relitigation.

By virtue of *res judicata*, we are bound by the state court's finding that Lifestar received actual notice of Mrs. Lemuel's claim on January 7, 2003.  This determination disposes of Lifestar's only excuse, that it lacked notice of the claim

8

until June of 2003.  The length of the delay and the reason for the delay are the only two factors for the court to examine in making its reasonableness determination.  *S. Guar. Ins. Co. v. Thomas*, 334 So. 2d 879, 883 (Ala. 1976); *Sec. Mut. Ins. Co. of New York v. Acker-Fitzsimons Corp.*, 293 N.E.2d 76, 78-79 (N.Y. 1972).  Therefore, the district court correctly held that Lifestar's unexcused failure to notify Admiral of Mrs. Lemuel's claim until June of 2003 was unreasonable as a matter of law.  *See Thomas*, 334 So. 2d at 885 (applying Alabama law and holding that in the absence of a reasonable excuse, insured's six-month delay in notifying insurer was unreasonable as a matter of law); *Utica Mut. Ins. Co. v. Fireman's Fund Ins. Companies*, 748 F.2d 118 (2d Cir. 1984) (applying New York law and holding that insured's unexcused six-month delay was unreasonable as a matter of law).

## IV.  CONCLUSION

For the above-stated  reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**