Judge Owsley
delivered the opinion of the court.
This is an appeal from a decree of the circuit court dismissing the bill of the appellants, who were complainants in that court.
The appellees held the land in contest under an adverse conflicting claim, and the appellants asserted the superior equity under an entry for nine thousand eight hundred acres, in the name of James Morrison, and patented in the name of Morrison and the appellant, Pope, and to the undivided moiety of which, as tenants in common with Pope, the ap *240 pellants, John and James Bates, claimed under the heirs of the said Morrison.
A suit in chancery for adjusting land titles, cannot be maintained in the name of one tenant in common; all the tenants in com’on must be parties.—Vide ante, Newman vs. Kendal.
A paper purporting to be a deed transferring title; and executed by one styling himself agent, gives no title unless coupled with the authority under which he has acted.
Littell for appellant, Talbot for appellee.
In reviewing the decree pronounced by the circuit court in this cause, we have deemed it improper to examine the validity of the entry under which the appellants claim.
For the purpose of investigating that entry, it was certainly essential, as has been repeatedly held by this court, for all those holding a common interest to unite, or be made parties to the suit.
Upon that supposition the Bateses, claiming the undivided moiety of Morrison, appear to have joined with Pope, the owner of the other moiety, in the present contest. The record, however, furnishes no evidence of the heirs having transferred their title in the land to the Bateses. A deed purporting to have been executed by James Morrison as agent for the heirs, is exhibited in the record, but there is no evidence of Morrison being authorised by the heirs to execute the deed. Without evidence of such authority, therefore, the title must be considered as residing in the heirs, and consequently as the holders of an interest in common, the heirs should have been made parties to the suit.
But as they were not parties, the circuit court might have decreed a dismissal of the appellants’ bill without prejudice, but it was irregular to enter an absolute dismissal. Because, therefore, the bill was dismissed absolutely, the decree must be reversed, the cause remanded to that court, and the bill dismissed without prejudice to the appellants bringing another suit.
Each party must pay their own costs in this court.