290 So.2d 646

Andrew J. MORRIS

v.

Lun OWENS.

SC 234.

Supreme Court of Alabama.

Feb. 21, 1974.

Speake & Speake, Moulton, for appellant.

W. L. Chenault, Decatur, for appellee.

HEFLIN, Chief Justice.

This is an appeal from a final decree of the Lawrence County Circuit Court, in equity, finding that the appellee-respondent, Lun Owens (respondent), had acquired title to a disputed boundary strip. The appellant-complainant, Andrew J. Morris (complainant), alleged that there was a justiciable dispute between the boundaries

of the parties, and urged the court to adopt property lines determined as the result of a survey. The respondent filed an answer denying all the allegations of the amended bill, but the final decree recites that the respondent contends he had acquired the disputed property by prescription. The court heard the evidence ore tenus, and at the conclusion thereof entered its decree finding that the respondent owned the disputed areas and fixed the boundary lines in accordance with respondent's contentions.

This dispute arose when the complainant, after running into difficulty with respect to fencing his recently acquired property, suggested that the property lines in question be surveyed. The respondent and several other affected property owners agreed that a survey was desirable, and they also agreed to share the expense of such survey; however, the respondent testified that he had never agreed to be bound by the outcome of the survey. The survey determined that the actual boundaries described in the complainant's deed were not the same as the parties had previously recognized, but, in fact, one of the survey's boundaries was north of the established line so that about 10 acres of land was placed in dispute. There was also a discrepancy between the survey and the recognized boundary separating the property on the east side of the respondent's property, putting several more acres of land in dispute. This suit doesn't involve the lands of the other property owners affected by the survey.

The respondent in his brief calls attention to the fact that Opal J. Morris is a necessary party to the action. The respondent points out that complainant's exhibit No. 1 (which is the basis of complainant's title to the disputed areas) was a "joint and survivorship deed" to the complainant and his wife, Opal J. Morris, and that the complainant failed to join his wife, Opal J. Morris (a joint tenant with the right of survivorship) as a party complainant in this cause. However, respondent merely states that there could be no adjudication of the interest of Opal J. Morris because she is not before the court in this or any other action.

This contention raises the question concerning the validity of the entire proceedings in the trial court. In holding that a mortgagee was a necessary party to a disputed boundary line suit this court in Rollan v. Posey, 271 Ala. 640, 126 So.2d 464 (1961) stated:

"In a suit to settle a disputed boundary, this court said: 'The Court must have before it title to the property which is sought to be affected by the decree.' Easterling v. Cleckler, 269 Ala. 660, 115 So.2d 516, 517. Other courts have said that in a boundary suit necessary parties included: all persons who have a direct interest in the result of the proceedings, Atkins v. Hatton, (Eng.), 2 Anstr. 386, 145 Reprint 911; Watkins v. Childs, 80 Vt. 99, 66 A. 805; Hazard Coal Corp. v. Getaz, 234 Ky. 817, 29 S.W.2d 573; McDonald v. Humble Oil & Refining Co., Tex.Civ.App., 78 S.W.2d 1068; Cady v. Kerr, 11 Wash.2d 1, 118 P.2d 182, 137 A.L.R. 713; *tenants in common*, Pope v. Melone, 2 A.K.Marsh. 239, 9 Ky. 239; and *remaindermen* and revisioners, Bayley v. Best, 5 Eng.Ch. 659, 39 Reprint 253." (Emphasis supplied)

In Bryan v. W. T. Smith Lumber Company, 278 Ala. 538, 179 So.2d 287 (1965), this court held that tenants in common are necessary parties in a suit to settle a disputed boundary.

This court holds that a joint tenant with the right of survivorship is a person who has a direct interest in the result of the proceedings to settle disputed boundary lines and is, therefore, a necessary and indispensable party. To determine a disputed boundary all joint tenants with the right of survivorship, as well as all parties who own an interest in involved lands, should be parties to the proceedings in order for the court to have before it the title to the

property which is sought to be affected by the decree.

In holding that the absence of necessary or indispensable parties is jurisdictional, making a final decree reforming a deed void, this court in Rogers v. Smith, 287 Ala. 118, 248 So.2d 713 (1971) recited the following:

"In Holland v. Flinn, 239 Ala. 390, 195 So. 265, this Court stated that the absence of necessary parties under the Declaratory Judgment Act was a jurisdictional defect, and further that regardless of such statute the presence of necessary parties is jurisdictional. This holding was quoted with approval in the case of City of Mobile et al. v. Gulf Development Co., Inc., 277 Ala. 431, 440, 171 So.2d 247.

"A judgment or decree is not binding on anyone unless the court rendering the same had jurisdiction of the parties and the subject matter of the cause. See Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153. The decree of a trial court which has not obtained jurisdiction over necessary parties is void. Board of Trustees of Employees' Retirement System of the City of Montgomery, Alabama, v. Dorothy Carr Talley, [286 Ala. 661, 244 So.2d 791] supra."

"Thus the absence of necessary or indispensable parties in a deed reformation suit is a jurisdictional defect and this Court holds that such defect can be brought to the attention of an appellate court on appeal from a decree involving a bill in the nature of a bill of a review even when it is not called to the attention of the trial court."

In the case of Harris v. Johnson, 176 Ala. 445, 448, 58 So. 426 (1912), this court held that the absence of necessary or indispensable parties necessitated the dismissal of the cause without prejudice or a reversal with directions to allow the cause to. stand over for amendment, even though no notice was taken in the court below of the omission of parties. Board of Trustees of Employees' Retirement System of the City of Montgomery, Alabama v. Talley, 286 Ala. 661, 244 So.2d 791 (1971) is another recent case to the same effect.

This court has held it was the duty of the court ex mero motu to notice the absence of a necessary or indispensable party whether on final hearing or on appeal. Amann v. Burke, 237 Ala. 380, 186 So. 769 (1939), and Box v. Box, 253 Ala. 297, 45 So.2d 157 (1950). See also, Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259 (1946).

Thus the complainant's wife, Opal J. Morris, was a necessary and indispensable party to this cause and her absence makes the proceedings void. The decree of the lower court is reversed and the cause remanded.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.