The issue before us in this case is whether a joint tenant with right of survivorship to property is a party who must be joined in an action seeking reformation of a deed to that property.
We reverse the decree, affecting the property, entered in this action absent the joint tenant as a party.
Mr. and Mrs. Moses A. Davis, Jr., brought this action to reform a deed which did not contain a description of land they claim to have acquired by it. That land adjoined property of E.J. Burnette and wife Pearlene who owned their property jointly with right of survivorship. Mrs. Burnette was never made a party to the action.
The evidence was heard ore tenus; Mrs. Burnette was present and testified after which the court entered a decree of dismissal stating that, from the evidence, the Davises were not entitled to the relief requested. They filed motion for a new trial which was denied.
The Davises say it was error to enter the decree of dismissal and deny their motion for new trial because the findings of the court are against the weight of the evidence. For the reasons set out we reverse and remand, therefore need not reach the question of the sufficiency of the evidence.
Without Mrs. Burnette as a party the trial court did not have the title to the property, which would be affected by a decree, before it. Morris v. Owens, 292 Ala. 159, *Page 120 290 So.2d 646 (1974). Joinder is governed by the rules of civil procedure.
 "RULE 19 "JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION
"(a) Persons to be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action." (emphasis added)
In an action to reform a deed the absence of necessary or indispensable parties is a jurisdictional defect that makes the proceeding void. This defect can be raised on appeal for the first time even though not called to the attention of the trial court. Morris v. Owens, supra; Rogers v. Smith, 287 Ala. 118,248 So.2d 713 (1971).
As stated, Mrs. Burnette was present in court during the entire trial and testified in the proceedings. It was error to dismiss the complaint for failure of the plaintiffs to add Mrs. Burnette as a party defendant. Under the circumstances of this case, it was incumbent upon the trial court, sua sponte, pursuant to the mandate of Rule 19, to order that she be made a party defendant and to proceed to adjudicate the respective interest of the parties.
Where it is noted that an indispensable party was absent in the proceedings below, the appellate court will express no opinion as to the evidence. Kirkley v. Bailey, 282 Ala. 115, 209 So.2d 398
(1968).
REVERSED AND REMANDED.
BLOODWORTH, JONES and BEATTY, JJ., and CATES, J. (sitting by designation of the Chief Justice), concur.