HOUSTON, Justice.
This is a suit to have the boundary line between the land of the plaintiffs, Jimmy and Martha Ann Shelton, and that of the defendants, George and Doris Shannon, located, marked, and accurately described and to have the defendants enjoined from removing boundary markers placed along the boundary separating the two contiguous tracts of real estate. After an ore tenus proceeding, the trial court found that the boundary between the plaintiffs and the defendants was marked by an old fence that had existed for more than 20 years preceding this dispute; that fence ran along the North-South half section line of Section 15, Township 1 South, Range 3 West, Limestone County, Alabama. A survey showing the boundary was attached to, and made a part of, the trial court’s order, and the boundary was described in that order. The defendants were prohibited from removing or destroying any boundary stakes or fence along the established boundary line.
*1361 The defendants appealed and presented one issue for review:
“Whether the judgment of the trial court is void for failure to join as indispensable parties all property owners whose real estate shares as a boundary the half section line running North and South through the Section in question?”
The answer to the question presented by the issue is no. We affirm.
The only boundary established by the trial court’s order was the 382-foot boundary between the land owned by the plaintiffs and that owned by the defendants. No contention was made, and there was no evidence to show, that persons other than the plaintiffs or defendants have any interest in the property divided by this judicially established boundary line, so this case is distinguishable from Morris v. Owens, 292 Ala. 159, 290 So.2d 646 (1974). The defendants’ contention is based on the fact that the trial court held that the old fence ran along the North-South half section line and the fact that an exhibit (a portion of the ad valorem tax map of Limestone County) showed that there are other pieces of property that may have this North-South half section line as their common boundary. The defendants argue that the boundaries between these other coterminous lands may be affected by this judicial boundary. If the trial court purported to establish the boundaries of all tracts of land along the 5,280-foot North-South half section line, or along any portion of it other than the 382-foot portion involved in this litigation, then this argument would have merit, for in such a case there would be indispensable parties. See Rule 19, A.R.Civ.P. However, the trial court’s reach did not exceed its grasp. It purported to, and did, adjudicate the boundary between these plaintiffs and these defendants — no more, no less.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.