MOORE, Judge.
 

 Arthur Isaiah Radcliff appeals from a summary judgment entered by the Jefferson Circuit Court in favor of Hall Housing Investments, Inc. (“Hall”), on September 15, 2009. We affirm.
 

 
 *1259
 

 Facts and Procedural History
 

 On July 1, 2009, Hall filed a complaint alleging unlawful detainer against Radeliff in the Jefferson District Court (“the district court”). In that complaint, Hall alleged that Radeliff had failed to pay rent and late fees in accordance with a written lease agreement after having been served with a written notice to pay and that he had failed to return possession of the leased premises to Hall. Hall claimed that Radeliff owed $2,315.20 in unpaid rent and late charges. Radeliff filed an answer on July 8, 2009, in which he denied responsibility and asserted a counterclaim against Hall. In his counterclaim, Radeliff asserted that he had signed a lease-renewal addendum to renew his lease on June 2, 2009, and that, at that time, Hall revealed that Radeliff had been due a monthly utilities allowance of $104 during the term of the original lease and the addendum but that, according to Radeliff, the utilities allowance had been marked through on his original lease and “N/A” had been written beside that allowance. Radeliff asserted that Hall had falsely represented to Rad-cliff that he was required to pay utilities, that he had signed the lease in rebanee on that representation, and that he had fallen behind in his rent only because he was withholding the utilities allowances that he alleged were due him from Hall.
 

 A trial was held in the district court at which Hall appeared with counsel and Radeliff appeared pro se. On August 3, 2009, the district court entered an order in favor of Hall on its unlawful-detainer claim against Radeliff. The district court ordered that the subject property was to be restored to Hall; it determined that rent was ascertained to be $556 per month due on the first of the month; and it determined that rent in that amount had accrued since the date the action was commenced. The district court then set “the money claim” for trial on October 27, 2009.
 

 On August 10, 2009, Radeliff filed a notice of appeal to the Jefferson Circuit Court (“the circuit court”). In that notice, Radeliff asserted that Hall had withheld utility reimbursements that were due Rad-cliff and alleged that Hall had “willfully and intentionally breached the lease contract, [its] fiduciary duty, suppressed material facts, and intentionally defrauded” Radeliff.
 

 Hall filed a motion for a summary judgment in the circuit court on August 25, 2009. In that motion, Hall asserted that there was no genuine issue of material fact and that Hall was entitled to a judgment in its favor on its unlawful-detainer claim. In support of that motion, Hall attached the affidavit of Teria McCrear, Hall’s property manager, the lease agreement between Hall and Radeliff, the addendum to the lease, the eviction notice, and a breakdown of the rent due from Radeliff.
 

 Radeliff filed a response to Hall’s summary-judgment motion on September 2, 2009, arguing that Hall had falsified the lease agreement by stating that Radeliff was not entitled to a utilities allowance and that Hall owed Radeliff for unpaid utilities allowances in the amount of $3,666. Rad-cliff failed to attach any evidentiary submissions to his response. In response to Radcliffs arguments, however, Hall submitted a second affidavit from McCrear, in which she stated that Radcliffs rent had been calculated after deducting the utilities allowance.
 

 On September 10, 2009, Hall filed a motion for a writ of possession in which it asserted that Radeliff had failed to pay money into court pending the appeal of the
 
 *1260
 
 case, as required by § 35-9A-461(d)(l), Ala.Code 1975. The circuit court entered an order on September 15, 2009, granting Hall’s motion for a summary judgment on its claim of unlawful detainer, granting Hall’s motion for a writ of possession, waiving the automatic stay of the judgment pursuant to Rule 62(a), Ala. R. Civ. P., and certifying that judgment as final pursuant to Rule 54(b), Ala. R. Civ. P.
 

 Radcliff filed a notice of appeal from the circuit court’s judgment to the Alabama Supreme Court on September 16, 2009; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Standard of Review
 

 “
 
 ‘The standard of review applicable to a summary judgment is the same as the standard for granting the motion.’
 
 McClendon v. Mountain Top Indoor Flea Market, Inc.,
 
 601 So.2d 957, 958 (Ala.1992).
 

 ‘“A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present “substantial evidence” creating a genuine issue of material fact — “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code 1975, § 12-21-12;
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).’
 

 “Capital Alliance Ins. Co. v. Thorough-Clean, Inc.,
 
 639 So.2d 1349, 1350 (Ala.1994). Questions of law are reviewed de novo.
 
 Alabama Republican Party v. McGinley,
 
 893 So.2d 337, 342 (Ala.2004).”
 

 Tiller v. YW Hous. Partners, Ltd.,
 
 5 So.3d 623, 628 (Ala.Civ.App.2008).
 

 Discussion
 

 On appeal, Radcliff argues that the circuit court was without jurisdiction to enter a summary judgment in favor of Hall because, he says, undecided claims remained before the district court and, thus, the district court’s judgment was not final and would not support an appeal to the circuit court.
 
 See
 
 Rule 54(b), Ala. R. Civ. P.
 

 Hall argues, however, that § 35-9A-461, Ala.Code 1975, provides;an expedited procedure that authorizes the appeal of an “eviction judgment” despite the fact that other claims have not yet been adjudicated.
 

 Section 35-9A-461 provides, in pertinent part:
 

 “(a) A landlord’s action for eviction, rent, monetary damages, or other relief relating to a tenancy subject to this chapter shall be governed by the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure except as modified by this chapter.
 

 [[Image here]]
 

 
 *1261
 
 “(d) Notwithstanding subsection (a) of Section 12-12-70, [Ala.Code 1975,] any party may appeal from an eviction judgment entered by a district court to the circuit court at any time within seven days after the entry thereof. The filing of a timely post-judgment motion pursuant to the Alabama Rules of Civil Procedure shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion, or the date of the denial of such motion by operation of law pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure. Upon filing of an appeal by either party, the clerk of the court shall schedule the action for trial as a preferred case, and it shall be set for trial within 60 days from the date of the filing of the appeal. In eviction actions, an appeal by a tenant to circuit court or to an appellate court does not prevent the issuance of a writ of restitution or possession unless the tenant pays to the clerk of the circuit court all rents properly payable under the terms of the lease since the date of the filing of the action, and continues to pay all rent that becomes due and properly payable under the terms of the lease as they become due, during the pendency of the appeal. In the event of dispute, the amounts properly payable shall be ascertained by the court.
 

 [[Image here]]
 

 “(e) If an eviction judgment enters in favor of a landlord, a writ of possession shall issue upon application by the landlord. Notwithstanding Rule 62 of the Alabama Rules of Civil Procedure, the automatic stay on the issuance of the writ of possession or restitution shall be for a period of seven days. If a tenant without just cause re-enters the premises, the tenant can be held in contempt and successive writs may issue as are necessary to effectuate the eviction judgment.”
 

 Hall argues that § 35-9A-461(d) modifies the general rule that an appeal from an unlawful-detainer judgment lies only from a final judgment on all claims by stating that an appeal lies “from an eviction judgment” rather than from a “final judgment.” We agree.
 

 “ ‘ “ ‘There is a presumption that every word, sentence, or provision [of a statute] was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.’ ” ’
 
 Ex parte Children’s Hosp. of Alabama,
 
 721 So.2d 184, 191 (Ala.1998) (quoting
 
 Sheffield v. State,
 
 708 So.2d 899, 909 (Ala.Crim.App.1997), quoting in turn 82 C.J.S.
 
 Statutes
 
 § 316 (1953)). Moreover, ‘[c]ourts will attempt to give meaning to a legislative enactment and it is presumed that the Legislature did not do a vain and useless thing,’
 
 Alidor v. Mobile County Comm’n,
 
 291 Ala. 552, 558, 284 So.2d 257, 261 (1973), and ‘the Legislature, in enacting new legislation, is presumed to know the existing law.’
 
 Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen,
 
 714 So.2d 293, 297 (Ala.1998).”
 

 City of Montgomery v. Town of Pike Road,
 
 35 So.3d 575, 584 (Ala.Civ.App.2009).
 

 The use of the phrase “eviction judgment” in § 35-9A-461(d), rather than the phrase “final judgment,” alongside the language indicating that that Code section
 
 *1262
 
 supersedes § 12-12-70, Ala.Code 1975, which refers to a “final judgment,” indicates the legislature’s intent to distinguish those two types of judgments. Allowing a litigant to proceed with an appeal from an eviction judgment while other claims, such as the “money claim” and counterclaim in the present case, remain pending, thereby precluding a final judgment from being entered, sounds in logic and good public policy. Such an interpretation of § 35-9A-461(d) would allow litigants who have been evicted from their homes an expedited avenue of appeal from those judgments, whereas an appeal taken from a final judgment on all claims may be so delayed as to make the effort moot. We conclude that the legislature intended to allow appeals from an eviction judgment to proceed in circuit court despite there being pending claims before the district court by virtue of the language used in § 35-9A-461(d).
 

 In the present case, therefore, the circuit court was within its jurisdiction to entertain Radcliffs appeal from the district court’s judgment and to then enter a summary judgment in favor of Hall. Because this was the only issue raised by Radcliff in his appellate brief, we affirm the circuit court’s judgment.
 
 [1]
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . We note that Radcliff raised a number of arguments in his reply brief on appeal speaking to the merits of Hall’s claim and the circuit court’s purported error in entering a summary judgment in favor of Hall. However, because this court will not address issues raised for the first time in a party’s reply brief, we decline to address those arguments.
 
 Pate v. Billy Boyd Realty & Constr., Inc.,
 
 699 So.2d 186, 189 (Ala.Civ.App.1997).