BRYAN, Judge.
The defendant, Johnnie Hall, Sr., appeals from a judgment in favor of the plaintiffs, Calvin E. Reynolds, James C. Reynolds, Annie Reynolds Perry, and Gwendolwyn Reynolds Amamoo (“the Moorer heirs”) in this boundary-line dispute. Because we conclude that the trial court did not have before it necessary parties who should have been joined if feasible, we reverse and remand.
Hall’s father, David Hall, owned a tract of property (“the Hall property”). In his will, David Hall devised a life estate in the Hall property to his wife, Rosabelle Hall, and he devised a remainder interest in that property in equal shares to his eight children. David Hall died in 1972, and Rosabelle Hall died in 2003. Therefore, the record on appeal indicates that Hall and the other heirs of David Hall each received an undivided one-eighth ownership interest in the Hall property. The Hall property is bordered on the south by a tract of property owned by the Moorer heirs (“the Moorer property”).
A dispute arose concerning the location of the boundary line between the Moorer property and the Hall property. In April 2004, the Moorer heirs sued Hall, seeking a judgment establishing the boundary line between the Moorer property and the Hall property. The complaint also alleged a trespass claim against Hall and sought a preliminary and a permanent injunction enjoining Hall from trespassing on property allegedly owned by the Moorer heirs. Hall answered and asserted, among other things, that the Moorer heirs had failed to join all necessary parties in this case. Following a bench trial, the trial court entered an order purporting to be a final judgment in favor of the Moorer heirs. Hall subsequently filed a motion asserting that the trial court had failed to join all David Hall’s heirs as necessary parties. The trial court denied that motion, and Hall filed a notice of appeal to the supreme court. The supreme court concluded that the appeal had been taken from a nonfinal judgment, and, consequently, the supreme court dismissed the appeal. Hall v. Reynolds, 27 So.3d 479 (Ala.2009).
The trial court subsequently entered a final judgment that, among other things, established the location of the boundary line between the Moorer property and the Hall property and denied the Moorer heirs’ claim for damages for trespass. The trial court’s establishment of the boundary line was favorable to the Moorer heirs. Hall filed a postjudgment motion asserting, among other things, that the trial court had failed to join all David Hall’s heirs as necessary parties in the action. The trial court denied the postjudgment motion, and Hall appealed to the supreme court. The supreme court then trans *929 ferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, Hall first argues that the trial court erred by failing to join all David Hall’s heirs, ie., all the owners of the Hall property, as parties pursuant to Rule 19, Ala. R. Civ. P. Rule 19 provides:
“(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person’s absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person’s absence may (i) as a practical matter impair or impede the person’s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.
“(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(l)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person’s absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person’s absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoin-der.”
Rule 19(a) defines who is a necessary party to an action. Prime Lithotripter Operations, Inc. v. LithoMedTech of Alabama, LLC, 855 So.2d 1085, 1092 (Ala.Civ.App.2001); Adams v. Boyles, 610 So.2d 1156, 1157 (Ala.1992). See also Committee Comments on 1973 Adoption of Rule 19. Certain necessary parties are also indispensable parties under Rule 19(b):
“A party is an indispensable party pursuant to Rule 19(b), Ala. R; Civ. P., if: (1) he is a necessary party under the definition of Rule 19(a); (2) he cannot be made a party to the action; and (3) the trial court concludes that in equity and good conscience the action cannot proceed without the absent party.”
855 So.2d at 1092.
Our supreme court discussed the application of Rule 19 in Liberty National Life Insurance Co. v. University of Alabama Health Services Foundation, P.C., 881 So.2d 1013 (Ala.2003):
“We have discussed the application of Rule 19 as follows:
“‘“Rule 19, Ala. R. Civ. P., provides for joinder of persons needed for just adjudication. Its purposes include the promotion of judicial efficiency and the final determination of litigation by including all parties directly interested in the controversy. Hooper v. Huey, 293 Ala. 63, 69, 300 So.2d 100, 105 (1974), overruled on other grounds, Bardin v. Jones, 371 So.2d 23 (Ala.1979).” ’
*930 “Dawkins v. Walker, 794 So.2d 333, 336 (Ala.2001) (quoting Byrd Cos. v. Smith, 591 So.2d 844, 846 (Ala.1991)).
“ ‘Rule 19, [Ala.] R. Civ. P., provides a two-step process for the trial court to follow in determining whether a party is necessary or indispensable. Ross v. Luton, 456 So.2d 249, 256 (Ala.1984), citing Note, Rule 19 in Alabama, 33 Ada. L.Rev. 439, 446 (1982). First, the court must determine whether the absentee is one who should be joined if feasible under subdivision (a). If the court determines that the absentee should be joined but cannot be made a party, the provisions of (b) are used to determine whether an action can proceed in the absence of such a person. Loving v. Wilson, 494 So.2d 68 (Ala.1986); Ross v. Luton, 456 So.2d 249 (Ala.1984)., It is the plaintiffs duty under this rule to join as a party anyone required to be joined. J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834 (Ala.1981).
“ ‘ “If such persons are not joined, the plaintiff must, under subsection (c) of Rule 19, [Ala. R. Civ. P.], state their names and the reasons why they are not joined. If there is a failure to join a person needed for just adjudication by a litigant then under subsection (a) of Rule 19, the trial court shall order that he be made a party.”
“ ‘406 So.2d at 849-50....
“ ‘We note that the interest to be protected must be a legally protected interest, not just a financial interest. Ross, supra; see Realty Growth Investors v. Commercial & Indus. Bank, 370 So.2d 297 (Ala.Civ.App.1979), cert. denied, 370 So.2d 306 (Ala.1979). There is no prescribed formula for determining whether a party is a necessary one or an indispensable one. This question is to be decided in the context of each particular case. J.R. McClenney & Son v. Reimer, 435 So.2d 50 (Ala.1983), citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).’
“Holland v. City of Alabaster, 566 So.2d 224, 226-27 (Ala.1990) (emphasis omitted). ‘The absence of a necessary and indispensable party necessitates the dismissal of the cause without prejudice or a reversal with directions to allow the cause to stand over for amendment.’ J.C. Jacobs Banking Co. v. Campbell, 406 So.2d 834, 850-51 (Ala.1981). See also Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 (Ala.1994) (Al-mon, J., concurring in part and dissenting in part).”
881 So.2d at 1021-22.
“ ‘There is no prescribed formula to be mechanically applied in every case to determine whether a party is an indispensable party or merely a proper or necessary one. This is a question to be decided in the context of the particular case.’ ” Melton v. Harbor Pointe, LLC, 57 So.3d 695, 700 (Ala.2010) (quoting J.R. McClenney & Son, Inc. v. Reimer, 435 So.2d 50, 52 (Ala.1983)). “[M]atters concerning Rule 19, Ala. R. Civ. P., and its joinder provisions may be raised for the first time on appeal or may be raised by [an appellate court] ex mero motu.” Jamison, Money, Farmer & Co. v. Standeffer, 678 So.2d 1061, 1067 (Ala.1996).
As noted, the record indicates that Hall and the other heirs of David Hall each own, as tenants in common, an undivided one-eighth interest in the Hall property. Hall argues that the trial court, pursuant to Rule 19, should have joined the other heirs of David Hall as parties in this action seeking to establish the boundary line between the Hall property and the Moorer property. In Bryan v. W.T. Smith Lumber Co., 278 Ala. 538, 543, 179 *931 So.2d 287, 291 (1965), our supreme court stated that “tenants in common are necessary parties in [a suit to settle a disputed boundary].” Although Bryan was decided before Rule 19 was adopted in 1973, “[t]he Committee Comments to Rule 19, Ala. R. Civ. P., note that this rule, in pragmatic terms, embodies the preexisting common law governing the joinder of necessary or indispensable parties.” Neal v. Neal, 856 So.2d 766, 780 (Ala.2002). See Committee Comments on 1978 Adoption of Rule 19 (“General principles developed from the terminology of indispensable, proper and necessary, remain applicable”). Thus, Bryan is applicable to this case.
In Morris v. Owens, 292 Ala. 159, 290 So.2d 646 (1974), our supreme court addressed whether a joint tenant with a right of survivorship should be joined in an action to establish a boundary line. In determining that the joint tenant in Morris was a necessary and indispensable party, the supreme court stated:
“To determine a disputed boundary all joint tenants with the right of survivor-ship, as well as all parties who own an interest in involved lands, should be parties to the proceedings in order for the court to have before it the title to the property which is sought to be affected by the decree.”
292 Ala. at 160-61, 290 So.2d at 648. The supreme court further stated:
“In holding that a mortgagee was a necessary party to a disputed boundary line suit this court in Rollan v. Posey, 271 Ala. 640, [645-46,] 126 So.2d 464, [469] (1961) stated:
“Tn a suit to settle a disputed boundary, this court said: “The Court must have before it title to the property which is sought to be affected by the decree.” Easterling v. Cleckler, 269 Ala. 660, [662,] 115 So.2d 516, 517 [ (1959) ]. Other courts have said that in a boundary suit necessary parties included: all persons who have a direct interest in the result of the proceedings, Atkins v. Hatton, (Eng.), 2 Anstr. 386, 145 Reprint 911; Watkins v. Childs, 80 Vt. 99, 66 A. 805 [ (1907) ]; Hazard Coal Corp. v. Getaz, 234 Ky. 817, 29 S.W.2d 573 [ (1930) ]; McDonald v. Humble Oil & Refining Co., Tex.Civ.App., 78 S.W.2d 1068 [(1935)]; Cady v. Kerr, 11 Wash.2d 1, 118 P.2d 182 [ (1941) ][;] 137 A.L.R. 713; tenants in common, Pope v. Melone, 2 A.K. Marsh. 239, 9 Ky. 239 [ (1820) ]; and remaindem-men and revisioners, Bayley v. Best, 5 Eng.Ch. 659, 39 Reprint 253.’ (Emphasis supplied)
“In Bryan v. W.T. Smith Lumber Company, 278 Ala. 538, 179 So.2d 287 (1965), this court held that tenants in common are necessary parties in a suit to settle a disputed boundary.”
Morris, 292 Ala. at 160, 290 So.2d at 647-48. See also Davis v. Burnette, 341 So.2d 118 (Ala.1976) (stating that a joint tenant should have been joined in an action seeking reformation of a deed to certain property); and 7 Charles A. Wright et al., Federal Practice and Procedure § 1621 (3d ed. 2001) (stating that, under Rule 19, Fed.R.Civ.P., which is substantially similar to Alabama’s Rule 19, generally “when all eotenants will be affected by the judgment or when the absence of some of them will prevent complete justice from being rendered to everyone interested in the land, all the cotenants must be joined”).
Because the record indicates that Hall and the other heirs of David Hall share an ownership interest in the Hall property, the other heirs of David Hall should have been joined in the action if it was feasible. That is, the other heirs of David Hall are at least necessary parties under Rule 19(a). However, the other heirs of David Hall were not joined and no determination *932 was made regarding whether it was feasible to join them or, if it was not feasible, whether the action should proceed in their absence. Therefore, we reverse the trial court’s judgment, and we remand the case for the trial court to conduct further proceedings consistent with this opinion and the procedure proscribed by Rule 19. See Willis v. Coe, 991 So.2d 259 (Ala.Civ.App.2008). This holding pretermits discussion of the other arguments made by Hall.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.