Rel: November 15, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0396

_____

### Donijah Virgo

### v.

### Finise Howard Burnett

### Appeal from Mobile Circuit Court
### (CV-24-900557)

LEWIS, Judge.

Donijah Virgo appeals from a judgment entered by the Mobile Circuit Court ("the circuit court") in favor of Finise Howard Burnett. We reverse the judgment and remand this cause with instructions.

## Procedural History

On January 19, 2023, Burnett filed in the Mobile District Court ("the district court") a statement of claim for eviction/unlawful detainer against Virgo. Virgo thereafter filed an answer. He also counterclaimed for reimbursement for improvements he allegedly made to the property at issue in the amount of $100,000. On January 30, 2024, Virgo filed a motion to transfer the case to the circuit court; that motion was initially granted, but the order granting that motion was vacated that same day. Virgo thereafter filed a motion to dismiss.

After a trial, the district court entered an order on February 26, 2024, in favor of Burnett, directing that Virgo had seven days to vacate the property and awarding Burnett $700 in back rent, $350 in attorney's fees, and an unspecified amount of court costs. The district court's order did not specifically address the counterclaim. On March 1, 2024, Virgo filed his notice of appeal from the district court to the circuit court.

On March 3, 2024, Burnett filed in the circuit court a motion for a summary judgment along with a brief and affidavit in support thereof. Burnett also moved to condemn funds that Virgo had tendered to the clerk of the circuit court. Thereafter, Virgo filed in the circuit court a

motion to dismiss, alleging that Burnett's action was barred by the applicable statute of limitations. Burnett thereafter responded to the motion to dismiss.

On April 29, 2024, the circuit court entered a summary judgment in favor of Burnett and granted the motion to condemn funds. The circuit court awarded Burnett $1,050 in rent, $1,600 in attorney's fees, and an unspecified amount of costs. Virgo filed his notice of appeal to this court on May 28, 2024.

### Jurisdiction

Initially, we address the issue of subject-matter jurisdiction. "'Lack of subject matter jurisdiction may not be waived by the parties[,] and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.'" Ex parte Berry, 999 So. 2d 883, 888 (Ala. 2008) (quoting Ex parte Smith, 438 So. 2d 766, 768 (Ala. 1983)). This court requested that the parties submit letter briefs on jurisdiction, specifically addressing "the impact of [Virgo's] filing of a counterclaim in the … [d]istrict [c]ourt and whether that counterclaim was adjudicated." Both parties submitted letter briefs.

In his letter brief, Burnett asserted that this court lacks jurisdiction because neither the district court nor the circuit court adjudicated the counterclaim. Virgo, on the other hand, asserted that, based on this court's holding in Radcliff v. Hall Housing Investments, Inc., 47 So. 3d 1258, 1261-62 (Ala. Civ. App. 2010), the district court's order was final despite the pendency of the counterclaim. We note, however, that this court's holding in Radcliff was based on the application of Ala. Code 1975, § 35-9A-461(d), a portion of the Alabama Uniform Residential Landlord and Tenant Act ("the AURLTA"), Ala. Code 1975, § 35-9A-101 et seq., which this court agreed "modifies the general rule that an appeal from an unlawful-detainer judgment lies only from a final judgment on all claims by stating that an appeal lies 'from an eviction judgment' rather than from a 'final judgment.'" 47 So. 3d at 1261. The materials in the record reveal, though, that the lease in this case was for commercial purposes, not residential purposes. Therefore, the AURLTA has no application to this case. See Ala. Code 1975, § 35-9A-102(c) ("[The AURLTA] shall be construed as applying only to the residential landlord and tenant relationship." (emphasis added)); Comment to Ala. Code 1975, § 35-9A-101 ("The [AURLTA] does not apply to rental agreements made

4

for commercial, industrial, agricultural or any purpose other than residential."). Therefore, the holding of <u>Radcliff</u> is inapplicable to this case.

Despite the inapplicability of the holding of <u>Radcliff</u>, though, we conclude that the district court's order was final. Virgo's counterclaim requested reimbursement for improvements to the property at issue in the amount of $100,000, which is in excess of the district court's jurisdiction. <u>See</u> Ala. Code 1975, § 12-12-30 ("The original civil jurisdiction of the district court … shall include all civil actions in which the matter in controversy does not exceed twenty thousand dollars ($20,000), exclusive of interest and costs, and civil actions based on unlawful detainer …."). Because the counterclaim requested damages in an amount beyond the district court's jurisdictional limit, the district court lacked subject-matter jurisdiction to adjudicate the counterclaim. <u>See</u> <u>Brewer v. Bradley</u>, 431 So. 2d 544, 545 (Ala. Civ. App. 1983) ("A permissive counterclaim need not be filed in the district court regardless of the amount which might be claimed therein, but, if the claim exceeds the jurisdictional limit of the district court, a permissive counterclaim could not be processed by that court."). Because the district court is

presumed to know its jurisdictional limitations, see Ex parte Atchley, 936 So. 2d 513, 516 (Ala. 2006) (noting that "[w]e presume that trial court judges know and follow the law"), we conclude that the district court impliedly dismissed the counterclaim on that basis.

## Indispensable Party

We next address whether there was a failure to add an indispensable party in this case.

> "'"There is no prescribed formula to be mechanically applied in every case to determine whether a party is an indispensable party or merely a proper or necessary one. This is a question to be decided in the context of the particular case."' Melton v. Harbor Pointe, LLC, 57 So. 3d 695, 700 (Ala. 2010) (quoting J.R. McClenney & Son, Inc. v. Reimer, 435 So. 2d 50, 52 (Ala. 1983)). '[M]atters concerning Rule 19, Ala. R. Civ. P., and its joinder provisions may be raised for the first time on appeal or may be raised by [an appellate court] ex mero motu.' Jamison, Money, Farmer & Co. v. Standeffer, 678 So. 2d 1061, 1067 (Ala. 1996)."

Hall v. Reynolds, 60 So. 3d 927, 930 (Ala. Civ. App. 2010).

"Rule 19[, Ala. R. Civ. P.,] provides:

> "'(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a

6

practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

"'(b) Determination by Court Whenever Joinder Not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.'

"Rule 19(a) defines who is a necessary party to an action. Prime Lithotripter Operations, Inc. v. LithoMedTech of Alabama, LLC, 855 So. 2d 1085, 1092 (Ala. Civ. App. 2001); Adams v. Boyles, 610 So. 2d 1156, 1157 (Ala. 1992). See also

Committee Comments on 1973 Adoption of Rule 19. Certain necessary parties are also indispensable parties under Rule 19(b):

"'A party is an indispensable party pursuant to Rule 19(b), Ala. R. Civ. P., if: (1) he is a necessary party under the definition of Rule 19(a); (2) he cannot be made a party to the action; and (3) the trial court concludes that in equity and good conscience the action cannot proceed without the absent party.'

"855 So. 2d at 1092."

Hall, 60 So. 3d at 929.

In Hall, this court explained that persons who shared an ownership interest in property affected by a boundary-line dispute in that case were "at least necessary parties under Rule 19(a)[, Ala. R. Civ. P.]." 60 So. 3d at 931. This court noted, though, that not all the owners had been joined, "and no determination was made regarding whether it was feasible to join them or, if it was not feasible, whether the action should proceed in their absence." 60 So. 3d at 931-32. This court, "[t]herefore, … reverse[d] the trial court's judgment, and … remand[ed] the case for the trial court to conduct further proceedings consistent with this opinion and the procedure proscribed by Rule 19." 60 So. 3d at 932; see also Darby v. Presley, 327 So. 3d 242, 247 (Ala. Civ. App. 2020) (reversing and

8

remanding when this court raised, <u>ex mero motu</u>, the failure to join "absent cotenants [who] were necessary parties that should have been joined in the action if feasible").

In the present case, the 2015 lease agreement in the record indicates that there were six owners of the property at issue in this case. The lease was signed by Burnett as "Owner's Representative." The notice to vacate dated October 23, 2023, was signed by Burnett as "Finise Burnett and on behalf of all owners." Although on January 19, 2024, Burnett signed a sworn affidavit entitled "Plaintiff's Affidavit of Ownership," attesting that the property was "owned by [her] personally and not by anyone else," in her affidavit dated March 10, 2024, that was submitted in support of her summary-judgment motion, she referred to herself as "an owner," as opposed to <u>the</u> owner, of the property.

Based on the record, it appears that there are multiple owners of the property at issue. In accordance with <u>Hall</u>, we conclude that the other property owners are at least necessary parties to this case. However, not all the owners were joined, "and no determination was made regarding whether it was feasible to join them or, if it was not feasible, whether the action should proceed in their absence." 60 So. 3d at 931-32. Therefore,

9

as this court did in <u>Hall</u>, we "reverse the trial court's judgment, and we remand the case for the [circuit] court to conduct further proceedings consistent with this opinion and the procedure proscribed by Rule 19." 60 So. 3d at 932.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Edwards and Hanson, JJ., concur.

Moore, P.J., and Fridy, J., concur in the result, without opinions.