Rel: March 7, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2023-0613

_____

### Michael Barry

v.

### Kristin Sullivan

### Appeal from Jefferson Circuit Court
### (CV-21-902540)

EDWARDS, Judge.

Michael Barry, as the sole member of Liamleen, LLC, owns a house and lot located at 1701 12th Street South in Birmingham ("the Barry property"); Barry, or one of the various LLCs owned by Barry, has owned that property since 1991, but Barry has never resided on the Barry property, which he uses as a rental property. In 2018, Kristin Sullivan

and her parents, M. Kit Waters and Keith R. Waters, purchased a property located at 1703 12th Street South in Birmingham ("the Sullivan property") from Talon Construction, Inc. In 2021, Sullivan constructed a wooden fence between the Sullivan property and the Barry property. Barry objected to the construction of the fence; he contended that a large portion of the fence had been constructed on the Barry property.

In September 2021, Barry commenced in the Jefferson Circuit Court ("the trial court") an action against Sullivan only, requesting that the trial court order her to remove the fence and seeking damages for trespass. Sullivan answered Barry's complaint and filed a counterclaim in which she sought to establish the fence line as the boundary line between the Sullivan property and the Barry property. After a trial, the trial court entered a judgment in favor of Sullivan in which it, among other things, established the boundary line between the properties. Barry filed a postjudgment motion on June 6, 2023, and Sullivan filed a response to that motion on July 19, 2023. On September 1, 2023, Barry filed a notice of appeal to this court; pursuant to Rule 4(a)(5), Ala. R. App. P., that notice of appeal was held in abeyance until the denial of his

2

postjudgment motion by operation of law on September 5, 2023.[1] Barry's appeal, although initially transferred to our supreme court in November 2023, was transferred here in August 2024, after that court concluded that, pursuant to Coprich v. Jones, [Ms. SC-2023-0675, June 21, 2024] ___ So. 3d ___ (Ala. 2024), this court was the appropriate appellate forum; the supreme court's transfer order also stated that, if this court were to determine that the amount in controversy exceeded the $50,000 monetary limit of this court's general civil appellate jurisdiction, this court must nonetheless hear the appeal pursuant to our supreme court's discretionary-transfer authority under subsection (6) of Ala. Code 1975, § 12-2-7. In compliance with our supreme court's directives, see Ala. Code 1975, § 12-3-16, we proceed to consider Barry's appeal.

---

[1]Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day following Barry's filing of his postjudgment motion on June 6, 2023, was Monday, September 4, 2023, which was a state holiday, see Rule 6, Ala. R. Civ. P. Therefore, Barry's postjudgment motion was deemed denied on Tuesday, September 5, 2023. See First Alabama State Bank v. McGowan, 758 So. 2d 1116 (Ala. Civ. App. 2000), and Richburg v. Cromwell, 428 So. 2d 621 (Ala. 1983); see also Williamson v. Fourth Ave. Supermarket, Inc., 12 So. 3d 1200, 1203-04 (Ala. 2009).

In his reply brief to this court, Barry argues that the trial court erred by failing to join M. Kit Waters and Keith R. Waters, Sullivan's parents and cotenants of the Sullivan property, to the action. He contends that, because they are cotenants and, therefore, have an interest in the Sullivan property and the outcome of this boundary-line dispute, the Waterses are necessary parties under Rule 19, Ala. R. Civ. P. We agree.

Rule 19 provides, in pertinent part:

"(a) ... A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

"(b) ... If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should

4

proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

"(c) … A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)-(2) hereof who are not joined, and the reasons why they are not joined."

We first note that Barry's tardy assertion of this issue is not fatal.

Our supreme court has explained that the

"failure of the plaintiff or the trial court to add a necessary and indispensable party, and of the defendant to raise the absence of such party in his or her pleadings, does not necessarily dispose of the issue. This defect can be raised for the first time on appeal by the parties or by the appellate court ex mero motu."

J.C. Jacobs Banking Co. v. Campbell, 406 So. 2d 834, 850 (Ala. 1981).

We considered whether cotenants were necessary parties to a boundary-line dispute in Hall v. Reynolds, 60 So. 3d 927, 930-31 (Ala. Civ. App. 2010):

"Hall argues that the trial court, pursuant to Rule 19, [Ala. R. Civ. P.,] should have joined the other heirs of David Hall as parties in this action seeking to establish the boundary line between the Hall property and the Moorer property. In Bryan v. W.T. Smith Lumber Co., 278 Ala. 538, 543, 179 So. 2d 287, 291 (1965), our supreme court stated that 'tenants in common are necessary parties in [a suit to settle a disputed boundary].' Although Bryan was decided before Rule 19 was adopted in 1973, '[t]he Committee Comments to Rule 19, Ala. R. Civ. P., note that this rule, in pragmatic terms, embodies the preexisting common law governing the joinder of necessary or indispensable parties.' Neal v. Neal, 856 So. 2d 766, 780 (Ala. 2002). See Committee Comments on 1973 Adoption of Rule 19 ('General principles developed from the terminology of indispensable, proper and necessary, remain applicable.'). Thus, Bryan is applicable to this case.

"In Morris v. Owens, 292 Ala. 159, 290 So. 2d 646 (1974), our supreme court addressed whether a joint tenant with a right of survivorship should be joined in an action to establish a boundary line. In determining that the joint tenant in Morris was a necessary and indispensable party, the supreme court stated:

"'To determine a disputed boundary all joint tenants with the right of survivorship, as well as all parties who own an interest in involved lands, should be parties to the proceedings in order for the court to have before it the title to the property which is sought to be affected by the decree.'

"292 Ala. at 160-61, 290 So. 2d at 648. The supreme court further stated:

"'In holding that a mortgagee was a necessary party to a disputed boundary line suit

6

this court in <u>Rollan v. Posey</u>, 271 Ala. 640, [645-46,] 126 So. 2d 464, [469] (1961) stated:

"'"In a suit to settle a disputed boundary, this court said: 'The Court must have before it title to the property which is sought to be affected by the decree." <u>Easterling v. Cleckler</u>, 269 Ala. 660, [662,] 115 So. 2d 516, 517 [(1959)]. Other courts have said that in a boundary suit necessary parties included: all persons who have a direct interest in the result of the proceedings, <u>Atkins v. Hatton</u>, (Eng.), 2 Anstr. 386, 145 Reprint 911; <u>Watkins v. Childs</u>, 80 Vt. 99, 66 A. 805 [(1907)]; <u>Hazard Coal Corp. v. Getaz</u>, 234 Ky. 817, 29 S.W.2d 573 [(1930)]; <u>McDonald v. Humble Oil & Refining Co.</u>, Tex. Civ. App., 78 S.W.2d 1068 [(1935)]; <u>Cady v. Kerr</u>, 11 Wash. 2d 1, 118 P.2d 182 [(1941)][;] 137 A.L.R. 713; <u>tenants in common</u>, <u>Pope v. Melone</u>, 2 A.K. Marsh. 239, 9 Ky. 239 [(1820)]; and <u>remaindernmen</u> and revisioners, <u>Bayley v. Best</u>, 5 Eng. Ch. 659, 39 Reprint 253.' (Emphasis supplied[.])"

"'In <u>Bryan v. W.T. Smith Lumber Company</u>, 278 Ala. 538, 179 So. 2d 287 (1965), this court held that tenants in common are necessary parties in a suit to settle a disputed boundary.'

"<u>Morris</u>, 292 Ala. at 160, 290 So. 2d at 647-48. <u>See also</u> <u>Davis v. Burnette</u>, 341 So. 2d 118 (Ala. 1976) (stating that a joint tenant should have been joined in an action seeking reformation of a deed to certain property); and 7 Charles A.

7

> Wright et al., Federal Practice and Procedure § 1621 (3d ed. 2001) (stating that, under Rule 19, Fed. R. Civ. P., which is substantially similar to Alabama's Rule 19, generally 'when all cotenants will be affected by the judgment or when the absence of some of them will prevent complete justice from being rendered to everyone interested in the land, all the cotenants must be joined')."

Hall, 60 So. 3d at 930-31.

The record reflects that the Waterses are cotenants of the Sullivan property with Sullivan. Like the heirs in Hall, the Waterses "were not joined and no determination was made regarding whether it was feasible to join them or, if it was not feasible, whether the action should proceed in their absence." Id. at 931-32. Thus, in accordance with Hall, "we reverse the trial court's judgment, and we remand the case for the trial court to conduct further proceedings consistent with this opinion and the procedure proscribed by Rule 19." Id. at 932.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson and Lewis, JJ., concur.

Fridy, J., recuses himself.